**UNITED STATES of America, Appellee,**

v.

**Kenneth Douglas RENFREW, Appellant.**

No. 82–1268.

United States Court of Appeals,
Eighth Circuit.

Submitted May 20, 1982.

Decided May 28, 1982.

James M. Rosenbaum, U. S. Atty., Joseph T. Walbran, Kristin A. Siegesmund, Asst. U. S. Attys., D. Minn., Minneapolis, Minn., for appellee.

Before HEANEY, ROSS and ARNOLD, Circuit Judges.

PER CURIAM.

Federal prisoner Kenneth Douglas Renfrew appeals from the district court's January 25, 1982 decision which denied his 28 U.S.C. § 2255 motion. We affirm.

On December 8, 1981, Renfrew filed a section 2255 petition which alleged that his federal bank robbery conviction was invalid for four reasons: (1) he was illegally arrested without probable cause; (2) his confession and other inculpatory statements were the result of impermissible coercion by law enforcement officers; (3) incriminating evidence was seized during an illegal search and was subsequently impermissibly used against him at trial; and (4) his conviction was the result of a conspiracy among the FBI, the federal prosecutor and his own attorney.

Renfrew is barred from raising the first three grounds asserted in his section 2255 petition because he knowingly and voluntarily waived those defenses. The record reveals that those three issues were fully aired in federal pretrial suppression proceedings which occurred after Renfrew filed a motion to suppress certain evidence seized by law enforcement officials and various inculpatory statements he made prior to and after he was arrested on December 8, 1978.

On February 28, 1979, a jury found Renfrew guilty of a December 8, 1978 bank robbery in St. Paul. Renfrew filed a motion for a new trial which charged, *inter alia*, that the district court erred in allowing evidence to be introduced and in receiving testimony concerning the "evidence which had been obtained as a result of illegal arrest, search and confessions." The district court denied the motion for new trial in a brief order, and entered a judgment of conviction. Renfrew was sentenced to a twelve year imprisonment term.[1]

Renfrew filed a notice of appeal raising two issues: (1) whether the district court "erroneously admitted evidence obtained as

---

1. The district court subsequently reduced Renfrew's prison term to eight years after Renfrew filed a *pro se* Fed.R.Crim.P. 35 motion to reduce sentence.

the result of an illegal search and seizure"; and (2) whether the district court "erroneously admitted evidence obtained as a result of an unconstitutionally acquired confession." Thereafter, Renfrew's counsel—at the defendant's request—filed a motion to dismiss the appeal. In addition, Renfrew signed a waiver form on May 1, 1979 which stated in part: "I hereby wish to withdraw my appeal knowing that it waives the issues previously raised. I make this waiver freely, voluntarily, and against the advice of counsel."[2] Accordingly, this Court dismissed Renfrew's appeal on May 29, 1979.

It is clear, therefore, that Renfrew is barred from now asserting the first three defenses specified in his section 2255 petition because he knowingly waived them when he voluntarily, and against the advice of counsel, dismissed his direct appeal to this Court. Once a defendant's opportunity to directly appeal his conviction has been waived, we "are entitled to presume he stands fairly and finally convicted, especially when, as here, he already has had a fair opportunity to present his federal claims to a federal forum." *United States v. Frady*, —— U.S. ——, ——, 102 S.Ct. 1584, 1593, 71 L.Ed.2d 816 (1982). Moreover, "a collateral challenge may not do service for an appeal." *Id.* The district court was correct in declining to grant Renfrew's section 2255 relief on the basis of those three grounds.

Finally, we agree with the district court that the fourth ground specified in the section 2255 petition—that his bank robbery conviction was the result of a conspiracy among the FBI, the federal prosecutor and Renfrew's defense counsel—is entirely without merit. The record simply does not support Renfrew's conspiracy claim.

The district court's dismissal of Renfrew's section 2255 petition is affirmed.

---

2. In addition, it is important to note that numbered paragraph one of Renfrew's subsequently filed *pro se* motion to reduce sentence states: "The defendant [Renfrew], has waived all rights to any appeal in this case. This was done as soon as the defendant found out an appeal was in progress."