Tomas LOPEZ–TORRES, Petitioner,

v.

UNITED STATES of America, Respondent.

Civ. No. 87–1710 GG.
Crim. No. 85–0240 GG.

United States District Court,
D. Puerto Rico.

Oct. 28, 1988.

**632**

Francisco M. Dolz–Sánchez, San Juan, P.R., for petitioner.

Elaine M. Gordon, Atty., Crim. Section, Civil Rights Div., U.S. Dept. of Justice, Washington, D.C., for respondent.

## OPINION AND ORDER

GIERBOLINI, District Judge.

Petitioner Tomás López–Torres, a former police officer, filed a motion pursuant to 28 U.S.C. § 2255 seeking to vacate and set aside the judgment entered against him based on ineffective assistance of counsel. Defendant was charged and convicted for violation of 18 U.S.C. § 242, in that he deprived another of his rights under color of law and, in this case, the deprivation resulted in death. On March 7, 1986 defendant was sentenced to a term of imprisonment of twenty (20) years in Criminal Case No. 85–0240. Thereafter, defendant filed a motion for reduction of sentence and the same was denied as per Order of April 17, 1986. A notice of appeal filed by defendant, *pro se*, on July 30, 1986 was dismissed for untimeliness by the Court of Appeals for the First Circuit on October 7, 1986.

The motion to vacate and set aside judgment which was filed by petitioner on December 4, 1987 was referred to the magistrate for report and recommendation. Pending consideration of the motion, several requests for hearing on this matter were filed. On May 18, 1988 the magistrate without a hearing, issued a report recommending that petitioner's motion be denied and the case dismissed pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings. Essentially, he was of the opinion that petitioner's claims of ineffective assistance of counsel were without merit and that petitioner had failed to meet his burden of showing entitlement to an evidentiary hearing or to relief under Section 2255. On June 1, 1988 petitioner filed an opposition to the magistrate's report requesting an evidentiary hearing and objecting to the magistrate's finding that his ineffective assistance of counsel claim is without merit and that the failure of Víctor Casal, Esq. to pursue an appeal does not violate the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1980). Moreover, petitioner objects to the finding that he has not met his burden of showing entitlement to an evidentiary hearing and requests specific findings as to his claim of ineffective assistance of counsel in relation to Mr. José Añeses Peña.

The Supreme Court has long recognized the sixth amendment right to counsel and its necessity to insure the fundamental right to a fair trial. *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.

2d 799 (1963); *Johnson v. Zerbst,* 304 U.S. 458, 58 S.Ct. 1019 (1938); *Powell v. Alabama,* 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932). The standard for determining ineffective assistance of counsel is whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. *Strickland v. Washington, supra,* 466 U.S. at 686, 104 S.Ct. at 2063. To determine whether assistance of counsel was so defective as to warrant reversal, the Court in *Strickland* formulated a two-pronged test. A defendant must prove first, that counsel's performance was deficient, and second, that the deficient performance prejudiced the defense, thus depriving him of a fair trial. *Strickland, supra,* 466 U.S. at 687, 104 S.Ct. at 2064.

The proper criterion for judging attorney's performance is that of reasonably effective assistance, taking into account all the circumstances. A convicted defendant who complains of the ineffectiveness of counsel's assistance must show errors so serious that counsel's representation fell below an objective standard of reasonableness. Likewise, reviewing courts should not use the benefit of hindsight to second-guess tactical decisions made by an attorney to conclude that they were unreasonable. *Perron v. Perrin,* 742 F.2d 669 (1st Cir.1984); *United States v. Pasarell,* 727 F.2d 13 (1st Cir.), *cert. denied,* 469 U.S. 826, 105 S.Ct. 107, 83 L.Ed.2d 51 (1984); *United States v. Oliveras,* 717 F.2d 1 (1st Cir.1983). Instead, the reviewing court must reconstruct the circumstances of counsel's conduct and evaluate it from counsel's perspective at the time. Due to the inherent difficulties in conducting such an evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide spectrum of reasonable professional assistance. *Strickland, supra,* 466 U.S. at 689, 104 S.Ct. at 2065; *Kimmelman v. Morrison,* 477 U.S. 365, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986).

▆ With respect to the second prong of the *Strickland* test, the defendant must show that but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland, supra,* 466 U.S. at 694, 104 S.Ct. at 2068. It does not suffice to show that particular errors of counsel were unreasonable; the defendant must show that they actually had an adverse effect on the defense.

▆ In synthesis, if counsel is a reasonably effective advocate, and has not substantially prejudiced his client, he has met the constitutional standards. We shall proceed to address petitioner's ineffective assistance claims applying the standards set forth above.

Petitioner's ineffective assistance of counsel claim against Mr. Añeses is based on the following alleged errors: 1) failure to interview the defendant; 2) failure to investigate defendant's case; 3) failure to interview witnesses; 4) failure to file any pretrial motions; 5) failure to file a notice of insanity defense or expert testimony of defendant's mental condition; 6) failure to seek discovery; 7) failure to object to Dr. Costas' psychiatric evaluation; 8) failure to seek the services of a psychiatrist; 9) the making of representations to the effect that defendant's mental condition had improved enormously and that defendant understood the charges against him and could aid in the preparation of his defense, thereby causing the defendant to relinquish his only defense; 10) failure to inform the defendant that he could not represent him because he had been suspended from practice.

It appears from the record that at the initial stages of the criminal proceeding, attorney Añeses was appointed by the court to represent defendant López–Torres. Although defendant argues that he was never interviewed by Añeses nor was any investigation conducted by Añeses, at the status conference held on July 31, 1985, counsel informed the court that defendant had been undergoing psychiatric treatment during the last year; that defendant had been hospitalized at the Juliá Clinic; and that he was receiving psychiatric treatment at Caguas, Puerto Rico through the State Insurance Fund. Based on the history of defendant's mental condition, Añeses re-

quested that a psychiatric evaluation of the defendant be conducted and that the court order the State Insurance Fund to provide the examining psychiatrist with defendant's medical records. The request was granted at the hearing and on October 2, 1985, the results of the psychiatric evaluation were issued by Dr. Haydée Costas–Lozada in which defendant was found competent to stand trial, able to cooperate with his attorney in his own defense, and able to understand the full nature of the proceedings against him and the offense for which he stood accused. Thereafter, at an Order to Show Cause hearing held on November 18, 1985, Añeses presented his excuses for failing to appear at a prior hearing and requested permission to withdraw as attorney for defendant due to personal reasons. At that time Añeses informed the court that he had received the psychiatric evaluation of defendant performed by Dr. Costas and had conferred with other psychiatrists who had treated defendant. They opined that defendant's condition had improved enormously, that his medication had been lowered, that he could understand the charges against him and could assist in the preparation of his defense. The request to withdraw was granted but Añeses was instructed to obtain an attorney through the legal director of the Puerto Rico Police Association to represent the defendant and inform the court as to that matter. In order to serve the ends of justice, the trial date was reset for January 14, 1986. Since by December 5, 1985, no legal representative had made an appearance, the court issued an order appointing the Federal Public Defender to represent defendant. On December 9, 1985, the Federal Public Defender filed a motion for leave to withdraw legal representation since defendant had stated during the initial interview held at their office that he had retained the legal services of Víctor Casal, Esq. On that same date, Casal filed a notice of appearance as attorney for defendant. There was no further intervention by Añeses in this case.

■ Although Añeses could have been more assiduous in the conduct of pretrial discovery, petitioner has not met the burden of showing that his failure to do so was outside the range of professionally competent assistance. In fact, the record shows that Añeses investigated a potential line of defense—mental insanity—and after a thorough investigation of the law and facts during which medical opinions were obtained, Añeses in the exercise of reasonable professional judgment decided not to pursue that strategy. In view of the opinions obtained from the psychiatrists who examined plaintiff, it appears that to have raised an insanity defense under these circumstances was not plausible and would have been fruitless.

■ Defendant also argues that he was unknowingly represented by Añeses, who had been temporarily suspended on May 2, 1985 from practice before the state bar for failure to submit notarial records since March 11, 1984, thereby violating 4 L.P.R.A. § 1026. However, there is no *per se* rule that suspension from practice before the predicate state bar automatically results in a lack of effective representation by counsel as guaranteed by the sixth amendment. *United States v. Hoffman,* 733 F.2d 596 (9th Cir.), *cert. denied,* 469 U.S. 1039, 105 S.Ct. 521, 83 L.Ed.2d 409 (1984).

■ We note that the sixth amendment guarantee of counsel signifies representation by an attorney admitted to practice law. *Solina v. United States,* 709 F.2d 160, 166–67 (2d Cir.1983); *United States v. Wilhelm,* 570 F.2d 461, 464–65 (3rd Cir. 1978); *United States v. Irwin,* 561 F.2d 198, 200 (10th Cir.1977), *cert. denied,* 434 U.S. 1012, 98 S.Ct. 725, 54 L.Ed.2d 755 (1978). The present case can easily be distinguished from a situation in which a defendant was represented by a person posing as a lawyer, but who had never been admitted to membership in any bar. In such situation, some courts have applied a *per se* rule and concluded that the right to counsel had been violated. *Solina, supra,* 709 F.2d at 168; *Harrison v. United States,* 387 F.2d 203, 212–14 (D.C.Cir. 1967), *rev'd on other grounds,* 392 U.S. 219, 88 S.Ct. 2008, 20 L.Ed.2d 1047 (1968).

■ Conversely, Añeses was a duly licensed Puerto Rico lawyer at the time he was representing the defendant, who had been temporarily suspended from practice before the state bar for failure to comply with the requisites of the notarial law. The record reflects that after he withdrew as counsel for defendant in the criminal case, Añeses was permanently suspended from the state bar on March 31, 1986. Thus, we are not confronted with representation by a person never qualified to practice law in any jurisdiction, but by an attorney who had been temporarily suspended from his home state bar during the pretrial stages of a criminal case in a federal district court. Under these circumstances, we find that defendant's right to counsel under the sixth amendment was not violated.

As to the performance of his trial counsel, Mr. Casal, petitioner adduces the same grounds previously raised as to Añeses in support of his ineffective assistance of counsel claim, with the exception of two grounds: 1) that Mr. Casal failed to support his motion for continuance of trial and, 2) that he failed to file a notice of appeal.

It appears from the record that Mr. Casal has been a practicing attorney for the past twenty-seven years and served as the Director of the Legal Department of the Puerto Rico Police Officer's Association for two years. During his career he has represented over two hundred police officers in criminal and civil cases in the state and federal courts. The sworn statement submitted by Casal is dispositive of the first eight grounds raised by defendant concerning discovery and pretrial preparation. Casal attests that he spent more than eighty (80) hours preparing for defendant's trial; that he reviewed the official court record of the case, that he met with defendant in relation to this case, that he consulted with interim counsel of the U.S. Public Defender's Office, that he reviewed the psychiatric record submitted by Dr. Costas as to defendant's competency to stand trial, he visited the scene of the incident giving rise to the indictment, he interviewed eyewitnesses, he met with co-defendant's counsel in an effort to present a joint defense, he also met with government's counsel and obtained "open file discovery", he reviewed the transcript of the previous state criminal trial of defendant for first degree murder arising from the same incident, and he met with potential character witnesses' for defendant. Casal's defense strategy during the trial consisted of contesting the government's assertion that the shooting was intentional since it was uncontroverted that the victim died as a result of defendant's act. This strategic choice was not only reasonable under prevailing professional norms, but was the only possible defense in light of the facts of this particular case.

■ Even assuming that counsel's conduct included unprofessional errors, we cannot conclude that there is any probability, much less a reasonable probability sufficient to undermine confidence in the outcome, that the result of the proceeding would have been any different, but for counsel's unprofessional errors. *Gardner v. Ponte*, 817 F.2d 183 (1st Cir.), *cert. denied*, —— U.S. ——, 108 S.Ct. 181, 98 L.Ed.2d 134 (1987). It should be noted that an error by counsel, even if professionally unreasonable does not warrant setting aside a judgment in a criminal case if the error had no effect on the judgment. *Strickland, supra,* 466 U.S. at 694, 104 S.Ct. at 2068. Even assuming error, we do not find that petitioner has met the high burden of showing prejudice: "not merely that the errors ... created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady,* 456 U.S. 152, 170, 102 S.Ct. 1584, 1595, 71 L.Ed. 2d 816 (1982).

■ Petitioner also bases his claim of ineffective assistance on counsel's failure to file an appeal. Although failure by an attorney to perfect an appeal where the client has indicated a desire to appeal may result in ineffective assistance of counsel, it clearly appears from the record that petitioner opted to file a motion for reduction of sentence instead of a notice of appeal. The sworn statement submitted by petitioner's wife in support of the habeas relief requested indicates that counsel discussed

defendant's options of either filing an appeal or a motion for reduction of sentence with petitioner's wife and other family members; that counsel suggested that they pursue a reduction of sentence in lieu of appeal, that she signed a statement to the effect that it was petitioner's desire, as well as her own and her family's, that no appeal be taken; that they were satisfied with this course of action after discussing the matter with counsel and reviewing the motion for reduction of sentence. There is no indication that petitioner's wife signed the statement under duress, or that what was stated therein was not in fact a reflection of their intention.

The record shows that counsel, an experienced attorney, recommended that in lieu of an appeal, a motion for reduction of sentence be filed. Counsel could reasonably surmise that due to the aggravating circumstances in this case, to have filed an appeal would have constituted an exercise in futility and would have burdened defendant with an unnecessary expense. Based on the facts of this case there can be no question that trial counsel's strategy choice was the result of reasonable professional judgment.

We have carefully reviewed the entire record of Criminal Case No. 85–0240 and based on the undersigned's own recollection of the proceedings reach the independent determination that petitioner's allegations of ineffective assistance of counsel are not well-taken and are affirmatively contradicted by the record. We find from the record that petitioner had competent and effective representation at all stages of the proceedings and that trial counsel provided more than adequate representation in the face of the overwhelming government evidence. Of course, it is all too easy to cooly pick through the record of the criminal proceedings after the heat of a trial has died down to uncover possible mistakes of prior legal representation, or to suggest alternate legal strategies. But we cannot allow second guessing or Monday-morning quarterbacking to prevail in the face of adequate legal representation at the time of the proceedings.

Finally, we note that petitioner argues that his present Section 2255 motion requires a hearing. However, where the issues raised by the motion can be conclusively determined by either the briefs filed by the parties or by the files and records in the trial court, no hearing is necessary. A hearing is required only when the factual allegations contained in the petitioner's motion and affidavit are contradicted by the affidavit filed with the government's response and relate primarily to a purported occurrence outside the courtroom upon which the record can shed no real light. *Cf. Machibroda v. United States*, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962). Thus, even though a Section 2255 motion may contain factual allegations, a district court will not always be required to hold full scale hearings. As indicated by the Court in *Machibroda:*

> What has been said is not to imply that a movant must always be allowed to appear in a district court for a full hearing if the record does not conclusively and expressly belie his claim, no matter how vague, conclusory, or palpably incredible his allegations may be. The language of the statute does not strip the district courts of all discretion to exercise their common sense.

*Id.* at p. 495, 82 S.Ct. at p. 514.

In the present case, we find that the magistrate correctly refused to conduct a hearing since the allegations raised did not warrant one.

Wherefore, in view of the foregoing, we find that petitioner did receive effective assistance of counsel at all stages of the criminal proceedings and, consequently, there has been no violation of petitioner's sixth amendment rights. It is hereby ordered that the petition to vacate and set aside the judgment and sentence in Criminal Case No. 85–0240 be and is hereby DENIED.

The Clerk shall enter judgment dismissing the present action.

SO ORDERED.