**Tomas LOPEZ–TORRES,**
**Petitioner, Appellant,**

v.

**UNITED STATES of America,**
**Respondent, Appellee.**

**No. 88–2187.**

United States Court of Appeals,
First Circuit.

Heard May 5, 1989.

Decided June 1, 1989.

Francisco M. Dolz Sanchez, San Juan, P.R., for petitioner, appellant.

William R. Yeomans, Dept. of Justice, with whom James P. Turner, Acting Asst. Atty. Gen., and Dennis J. Dimsey, Dept. of Justice, Washington, D.C., were on brief for respondent, appellee.

Before SELYA and ALDRICH, Circuit Judges, and RE,* Judge.

BAILEY ALDRICH, Senior Circuit Judge.

Defendant, a former Puerto Rico policeman, pursued a young man seeking to escape arrest for possessing a marihuana cigarette, and, allegedly, shot him in the back of the head. He defeated a local prosecution for murder, aided by the testimony of fellow officers. Thereafter two fellow officers admitted that the story presented at the local prosecution was fabricated and testified against him in a Civil Rights prosecution. Conviction followed, and immediately after sentence defendant was taken from the jurisdiction. His counsel, with the consent of defendant's wife, concluded not to appeal, but to move for reduction of sentence. This motion was denied. Some weeks later, defendant sought to appeal, pro se, alleging ineffective counsel in a number of particulars. On the appeal's dismissal for lateness, he brought this 28 U.S.C. § 2255 proceeding through counsel, alleging numerous errors. Upon its denial, *Lopez–Torres v. United States*, 700 F.Supp. 631 (D.P.R.1988), he appeals.

■ The district court answered all appellant's complaints as to counsel that were of any consequence, but erred as to one: the defendant appears to have raised a triable factual dispute as to whether he waived his right to appeal. Although defendant's wife, in a sworn statement, communicated to the lawyer that it was her husband's desire not to appeal, 700 F.Supp. at 636, she later retreated. In an affidavit filed in connection with the § 2255 litigation, she averred that she actually told Casal that her husband *did* wish to appeal the conviction—but Casal talked her into signing the aforementioned sworn statement. If the wife's present allegations are true, of course, there would have been no waiver. However sound counsel's advice that an appeal would be fruitless, the wife's acceptance of the advice not to appeal would, in the latter circumstances, not be enough.

■ However, this does not necessarily mean that defendant was prejudiced. We recognize that a defendant cannot, by means of a § 2255 proceeding, revive rights lost by a voluntary failure to appeal. *Martin v. United States*, 462 F.2d 60, 62–63 (5th Cir.), *cert. denied*, 409 U.S. 1043, 93 S.Ct. 539, 34 L.Ed.2d 494 (1972). The reverse does not follow. If the error was the loss of the right of appeal, this may be reviewed under § 2255, and relief may be granted. *E.g., Mack v. Smith*, 659 F.2d 23 (5th Cir.1981); *United States v. Winterhalder*, 724 F.2d 109 (10th Cir.1983). But we have equally said that it may be open to the government to show that the appeal would have lacked merit. *Desmond v. United States*, 333 F.2d 378, 381 (1st Cir. 1964); *cf. Gardner v. Ponte*, 817 F.2d 183, 189 (1st Cir.), *cert. denied*, — U.S. —, 108 S.Ct. 181, 98 L.Ed.2d 134 (1987). A review of the record here satisfies us that this is such a case, for the reasons stated by the district court, and which need not be repeated.

*Affirmed.*