907 F.2d 151
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gene ALLEN, Defendant-Appellant.
 No. 89-6078.
 United States Court of Appeals, Sixth Circuit.
 July 11, 1990.
 
 Before WELLFORD and DAVID A. NELSON, Circuit Judges, and LAWRENCE P. ZATKOFF, District Judge.*
 PER CURIAM.
 
 
 1
 This is the second appeal of a 1986 conviction for conspiracy to travel in interstate commerce with intent that a murder be committed. The first appeal, which was timely filed, was never prosecuted, because each of the defendant's two co-counsel thought that the other was going to pull the laboring oar. This court dismissed the appeal in January of 1987.
 
 
 2
 The defendant subsequently sought relief under 28 U.S.C. Sec. 2255, contending, among other things, that he was denied effective assistance of counsel in his failed appeal. In a memorandum opinion and order dated August 11, 1989, the district court found that there had in fact been ineffective assistance of counsel with respect to the prosecution of the appeal, and the court granted the defendant 60 days in which to file an out-of-time appeal. A new notice of appeal was filed five days later.
 
 
 3
 The question presented is whether, under these circumstances, the district court had authority to grant an out-of-time appeal. Concluding that no such authority existed, we shall dismiss the case for lack of appellate jurisdiction.
 
 
 4
 Rule 4(a)(1), Fed.R.App.P., allows 30 days to file a notice of appeal. Rule 4(a)(5), Fed.R.App.P., authorizes an extension of this time limit only upon motion made within 30 days after expiration of the prescribed 30-day period:
 
 
 5
 "(5) The district court, upon a showing of excusable neglect or good cause, may extend the time for filing a notice of appeal upon motion filed not later than 30 days after the expiration of the time prescribed by this Rule 4(a). Any such motion which is filed before expiration of the prescribed time may be ex parte unless the court otherwise requires. Notice of any such motion which is filed after expiration of the prescribed time shall be given to the other parties in accordance with local rules. No such extension shall exceed 30 days past such prescribed time or 10 days from the date of entry of the order granting the motion, whichever occurs later." (Emphasis supplied.)
 
 
 6
 There was no timely motion for an extension here. The requirement that motions for extension be filed within 30 days of the original deadline is mandatory and jurisdictional. Alaska Limestone Corp. v. Hodel, 799 F.2d 1409, 1411 (9th Cir.1986). One may not use 28 U.S.C. Sec. 2255 to circumvent the requirements of Rule 4(a).[1] Accordingly, the appeal is DISMISSED for lack of jurisdiction.
 
 
 
 *
 The Honorable Lawrence P. Zatkoff, United States District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 The First Circuit has suggested that in some circumstances Sec. 2255 may be used as a method of reviewing the loss of the right to appeal. Lopez-Torres v. United States, 876 F.2d 4, 5 (1st Cir.), cert. denied, 110 S.Ct. 508 (1989). The contretemps that resulted in the failure to prosecute the initial appeal here, however, was not the sort of excusable neglect for which an exception can be made to the requirement of Rule 4(a)(1), see Marsh v. Richardson, 873 F.2d 129, 130-31 (6th Cir.1989), and it bears no resemblance to the intentional misconduct that was alleged in Lopez-Torres. We do not read the First Circuit's suggestion in Lopez-Torres as extending to cases such as this