915 F.2d 1556
 Unpublished Disposition
NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES, Respondent, Appellee,
v.
Steven MCGILL, Petitioner, Appellant.
 No. 89-2172.
 United States Court of Appeals, First Circuit.
 Aug. 27, 1990.
 
 Appeal from the United States District Court for the District of Rhode Island, Raymond J. Pettine, Senior District Judge.
 Steven McGill on brief, pro se.
 Lincoln C. Almond, United States Attorney, Anthony C. Digioia, Assistant United States Attorney, James P. Turner, Acting Assistant Attorney General, Jessica Dunsay Silver and Susan D. Carle, Attorneys, Civil Rights Division, Department of Justice.
 D.R.I.
 VACATED AND REMANDED.
 Before BREYER, Chief Judge, and SELYA and CYR, Circuit Judges.
 PER CURIAM.
 
 
 1
 The appellant, Steven McGill, appeals a district court order denying his second motion (filed in June 1989) pursuant to 28 U.S.C. Sec. 2255, on the ground that it was a successive motion, seeking similar relief, to his first Sec. 2255 motion (filed in April 1988). "The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner." 28 U.S.C. Sec. 2255. Similarly, Rule 9(b) of the Rules Governing Proceedings in the United States District Courts under Section 2255 of Title 28, United States Code (hereinafter Section 2255 Rules) states:
 
 
 2
 A second or successive motion may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the movant to assert those grounds in a prior motion constituted an abuse of the procedure governed by these rules.
 
 
 3
 The district court concluded that the sole difference between the two Sec. 2255 motions was that, in the 1989 motion, McGill alleged that his counsel was ineffective because he unilaterally waived McGill's right to appeal.[1] The court further concluded, however, that this new allegation, nonetheless, was not a new or different ground for relief because it was not a new or different "legal basis for granting the relief sought by the applicant." Sanders v. United States, 373 U.S. 1, 16 (1963). The district court reasoned that the same legal basis for relief, ineffectiveness of counsel, had been presented in McGill's 1988 motion, although in that motion, the supporting allegations had concerned counsel's conduct of the trial.
 
 
 4
 McGill contends that his claim of ineffective assistance of counsel leading to forfeiture of his appeal rights is not the same legal basis for relief as his claims of ineffective assistance of counsel at trial. Cf. Bush v. United States, 765 F.2d 683, 684 (7th Cir.), cert. denied, 474 U.S. 1012 (1985) (claim of ineffective assistance of counsel due to alleged conflict of interest different from claim of ineffective assistance of counsel challenging details of counsel's performance at trial raised in prior petition so second claim not barred from consideration). We need not reach this question, however, for we conclude that, in any event, we must remand to the district court.[2]
 
 
 5
 Pursuant to Section 2255 Rule 9(b), dismissal as a successive motion is permissible if the same grounds for relief are alleged and the prior determination was on the merits. See also Sanders v. United States, 372 U.S. at 16 ("The prior denial must have rested on an adjudication of the merits of the ground presented in the subsequent application.") (Emphasis added.) Assuming, without deciding, that McGill's ineffectiveness of counsel claim, presented in his 1989 motion, is not a new or different ground for relief, it nonetheless appears that such a claim was not adjudicated on the merits in the 1988 motion. Rather, the dispositive basis for rejecting McGill's 1988 motion was the district court's conclusion that none of McGill's claims in that motion were reviewable because, in failing to file a direct appeal, he had waived all claims that could have been raised therein.[3] Moreover, we note that a claim of an involuntary waiver of appellate rights is not a claim that logically can be raised on a direct appeal since the very origin of the claim is that there was no direct appeal. Therefore, the district court could not resolve a claim of ineffective assistance of counsel due to counsel's unilateral waiver of his appeal rights on the (circular) ground that McGill waived his direct appeal.
 
 
 6
 On the other hand, suppose we assume, again without deciding, that, as McGill contends, his appellate ineffective assistance claim presents a ground for relief that is new and different from those ineffective assistance claims raised in his 1988 motion. Yet, we find nothing in the record as presently constituted before us to suggest that this claim could not have been raised in the 1988 motion. Section 2255 Rule 9(b) permits dismissal of a successive motion if the district judge finds that the failure of the movant to assert the new and different grounds in a prior motion constituted an abuse of the Sec. 2255 procedure. Upon remand, it remains open to the government to raise, and therefore for the district court to consider, the affirmative defense of abuse of the writ. McGill would have the burden of answering and proving that he has not abused the writ and he must be allowed an opportunity to explain his apparent abuse. McLaughlin v. Gabriel, 726 F.2d 7, 10 (1st Cir.1984).
 
 
 7
 We take up one final relevant strand of this legal skein. We, too, share the perception, advanced by the government and accepted by the district court, which underlay its ruling on the 1988 motion, that a considered waiver of an appeal right ought to have some significance for a subsequent application for Sec. 2255 relief. Indeed, the Supreme Court has said that "the Sec. 2255 court may in a proper case deny relief to a federal prisoner who has deliberately bypassed the orderly federal procedures provided at or before trial and by way of appeal--e.g., motion to suppress under Fed.Rule Crim.Proc. 41(e) or appeal under Fed.Rule App.Proc. 4(b)." Kaufman v. United States, 394 U.S. 217, 227 n. 8 (1969).[4] And we note the oft-recited principle that "a collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165 (1982).[5]
 
 
 8
 If, in fact, McGill made a considered and voluntary waiver of his right to appeal, he has surrendered all claims that could have been raised on appeal. Johnson v. United States, 838 F.2d 201, 204-06 (7th Cir.1988); see also United States v. Renfrew, 679 F.2d 730, 731 (8th Cir.1982). McGill's claim of ineffective assistance of counsel leading to forfeiture of his appeal rights, while not a claim which could have been raised on appeal, see supra at 5, would, nonetheless, also fall of its own weight because, it would seem, no claim of ineffectiveness could succeed in the face of a deliberate bypass, i.e., informed waiver, of appeal rights.
 
 
 9
 But it is this precise threshold question which has yet to be addressed in this case. Did McGill knowingly waive the right, notwithstanding his indigency, to a direct criminal appeal? We note that the indications of a considered and voluntary waiver appear strong. McGill filed an express written waiver of a claim for a new trial, apparently conceding the sufficiency of the evidence, and declined to speak on his own behalf at sentencing, even in the face of a statement from his counsel that he would take no appeal. In addition, the district court stated to McGill at sentencing that, despite the statement of waiver, if he wished, the clerk of court would enter an appeal forthwith on his behalf.
 
 
 10
 Yet, "it is the reason for the failure to appeal, and not the mere datum that an appeal was not taken, that determines whether a Sec. 2255 motion should be entertained." Bumgarner v. United States, 758 F.2d 1292, 1292-93 (8th Cir.1985); accord Sosa v. United States, 550 F.2d 244, 247 (5th Cir.1977).
 
 
 11
 We recognize that a defendant cannot, by means of a Sec. 2255 proceeding, revive rights lost by a voluntary failure to appeal. The reverse does not follow. If the error was the loss of the right of appeal, this may be reviewed under Sec. 2255, and relief may be granted.
 
 
 12
 Lopez-Torres v. United States, 876 F.2d 4, 5 (1st Cir.), cert. denied, 110 S.Ct. 508 (1989) (citations omitted). McGill alleges that his forbearance of his direct appeal occurred because his counsel misled him into believing that his IFP status had expired and would not apply to the appeal stage and that an appeal would have to be "completely perfected"[6] within ten days.
 
 
 13
 We believe McGill's allegations concerning his reasons for failing to appeal warrant consideration and findings of fact by the district court. See Desmond v. United States, 333 F.2d 378, 380-82 (1st Cir.1964) (noting, however, that a bare allegation of deprivation of right to appeal caused by counsel's deception does not automatically entitle prisoner to what is, in effect, an appeal; rather applicant must traverse a "steep and narrow" path to appellate relief). These reasons were not before the district court in 1988 when it found a waiver and although they were presented in the 1989 motion, the district court did not address them because it concluded (incorrectly, we believe) that McGill's claim of ineffective assistance of counsel on appeal was successive.
 
 
 14
 To sum up, therefore, we are remanding because McGill's claim of ineffective assistance of counsel leading to an involuntary waiver of appellate rights cannot be resolved on the basis that McGill waived his direct appeal. It may be, however, that McGill's claim of an involuntary waiver is without credible substance. Alternatively, it may be that McGill was "inexcusably neglectful," see McLaughlin v. Gabriel, 726 F.2d at 10, in failing to present it (or in the manner of its presentation, see footnote 1, supra at 2-3) in his 1988 motion, such that dismissal on abuse of the writ ground is appropriate.
 
 
 15
 In these circumstances, we believe the most reasoned approach is to vacate and remand to the district court for further proceedings in light of this opinion. On remand, the district court, in addition to considering the motion, files and record in this case, may deem further filings and/or an evidentiary hearing warranted. Should that be so, we leave to its considered discretion the form of such filings and/or hearing.
 
 
 16
 We vacate and remand to the district court for further proceedings consistent with this opinion.
 
 
 
 [1]
 We note that, in fact, on page 4 of his 1988 motion, McGill states that counsel "also failed to file direct appeal--and is therefore, one of movant's issues claiming ineffective assistance of counsel." This statement, however, is not found in that section of the Sec. 2255 motion form listing the grounds for relief, nor was any elaboration to this bare statement found anywhere in McGill's 1988 motion. That may explain why the district court apparently overlooked it when it stated that this claim of counsel's unilateral waiver of McGill's right to appeal was a new allegation in his 1989 motion. As explained, infra, however, although the district court found it to be a new allegation, the court also concluded it was not a new or different ground for relief
 Assuming it was not a new or different ground for relief in the 1989 motion (either because, as the district court believed, all ineffective assistance claims present the same legal basis for relief, or because, contrary to the district court's understanding, it was not even a new allegation, but rather was identical to an allegation raised in the 1988 motion), nonetheless, for reasons explained in the text at 4-5, the claim was not adjudicated on the merits in 1988 and waiver of a direct appeal (the dispositive basis for denying the 1988 motion) is an inappropriate basis on which to resolve such a claim.
 On the other hand, assuming, as McGill would have it, that this appellate ineffective assistance claim is, in legal terms, a new or different ground for relief, we believe, nonetheless, that the above-quoted statement of McGill is relevant to the question whether this claim should have been raised and pursued more vigorously in his 1988 motion. The statement, at the very least, indicates an awareness in 1988 of this ground for relief and the district court properly may consider this awareness, should it decide, upon remand, see infra at 5-6, that it is more appropriate to dispose of this 1989 motion on "abuse of the writ" grounds.
 
 
 [2]
 Because we are remanding, for the reasons stated, we do not reach any of the other arguments McGill raises on this appeal
 
 
 [3]
 The district court's memorandum and order denying McGill's 1988 motion stated, in part:
 The defendant argues that many alleged errors occurred in the course of the trial. I have reviewed each of his contentions and find that they are neither persuasive nor legally sufficient to warrant setting aside the jury verdict and sentence. I will not discuss my reasons for this conclusory finding because, for the reasons which follow, none of his asserted errors are now reviewable.
 The district court then went on for the remainder of the 3 1/2 page memorandum and order to explain the basis for its conclusion of waiver.
 
 
 [4]
 We recognize that, insofar as counsel fails to raise a particular claim on appeal, the appropriate standard by which to measure that default is not "deliberate bypass" but rather "cause" (for the procedural default) and "prejudice" (attributable thereto). Murray v. Carrier, 477 U.S. 478, 485-92 (1986). The Court has reserved opinion as to whether the deliberate bypass standard (requiring personal waiver by the defendant) governs access to federal collateral review when it is counsel's decision not to take an appeal at all. Id. at 492. It seems, however, still a viable proposition that when, in fact, there is a deliberate bypass, i.e., an informed waiver (not default) by the defendant, himself, he is thereafter foreclosed from raising those claims which could have been raised on direct appeal. See Cheek v. United States, 858 F.2d 1330, 1334-36 (8th Cir.1988); Johnson v. United States, 838 F.2d 201, 202-04 (7th Cir.1988)
 
 
 [5]
 Furthermore, mere errors of law or fact are, of course, not within the scope of collateral review. Review, via Sec. 2255, reaches only constitutional, jurisdictional, or other errors constituting " 'a fundamental defect which inherently results in a complete miscarriage of justice.' " United States v. Addonizio, 442 U.S. 178, 185 (1979) (quoting Hill v. United States, 368 U.S. 424, 428 (1962); 3 C. Wright, Federal Practice and Procedure Sec. 593 (1982)
 
 
 [6]
 McGill apparently inferred that he would need to raise the necessary money before proceeding to appeal. Supp.App. at p. 17