**UNITED STATES of America**

v.

**Roland M. DUMAS.**

**Crim. No. 91–10224–S.**

United States District Court, D. Massachusetts.

July 17, 1992.

Michael J. Pelgro, Asst. U.S. Atty., Boston, Mass., for plaintiff.

Gary C. Crossen, Foley, Hoag & Eliot, Boston, Mass., for defendant.

## MEMORANDUM AND ORDER ON DEFENDANT'S MOTION FOR A NEW TRIAL

SKINNER, District Judge.

Defendant Roland M. Dumas moves for a new trial on the grounds that he was denied the effective assistance of counsel within the meaning of the Sixth Amendment to the United States Constitution. Defendant asserts that he was denied counsel as a matter of law because during his representation his attorney was not a member of the bar of this court, nor otherwise authorized to appear and practice before this court under special provisions applying to government attorneys. At the time, defendant's counsel had been under a continuing suspension from his predicate state bar of the District of Columbia for failure to pay his bar dues. On this motion for a new trial, the main issue is whether "counsel" for purposes of the Sixth Amendment necessarily means a "qualified attorney in good standing."

### BACKGROUND

On December 17, 1992 defendant was convicted by a jury of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The court-appointed attorney representing defendant from the time of indictment through trial was Stanley E. Greenidge of the Federal Defender Office in Boston, Massachusetts. At trial Greenidge zealously represented his client. He aggressively cross-examined government witnesses and generally conducted an admirable defense in the face of strong evidence of defendant's guilt. At no time before or during trial did defendant indicate to this court that he was in any way unhappy with the representation provided him by Greenidge. I find as a fact that Greenidge's representation of the defendant was aggressive and effective, that it was not adversely affected by personal problems, and his choice of defense witnesses was based on sound professional judgment.

Approximately three months after the trial but before sentencing, allegations surfaced that Greenidge was neither a member of the bar of this court nor the bar of the Commonwealth of Massachusetts, nor otherwise authorized to appear and practice before this court under the local rules for this district in effect since September 1, 1990 ("New Local Rules"). *See* New Local Rule 83.5.3(a) (regarding government attorneys); New Local Rule 83.5.3(b) (regarding attorneys seeking to appear pro hac vice). After first confronting Greenidge with the allegations on March 10, 1992, the Federal Defender Office put him on suspension, and soon thereafter filed an ex parte motion to withdraw as counsel, which I allowed. On May 15, 1992, the defendant's newly appointed counsel filed this motion for a new trial.

After holding an evidentiary hearing on defendant's motion, I find the following facts. In 1971 Greenidge passed the District of Columbia bar exam and was admitted to both the D.C. bar and the bar of the United States District Court for the District of Columbia. At that time Greenidge was provided with a six-digit bar registration number. From 1972 until 1981 Greenidge remained in good standing with the D.C. bar association, and from 1972 to 1977 Greenidge worked as a government attorney for the Organized Crime Strike Forces in Baltimore, Maryland, Washington D.C., and Brooklyn, New York. From 1977 until 1985 Greenidge worked for the Organized Crime Strike Force in Boston, Massachusetts.

Greenidge testified that on November 16, 1977 he was admitted to the bar of the District Court for the District of Massachusetts. However, it is unclear what provision of the Local Rules in effect at that time ("Old Local Rules") that Greenidge believes he was admitted under. See Old Local Rules 5(a)–(c). Defendant argues that there is no evidence that Greenidge was ever admitted to the bar of this court, other than Greenidge's unsupported testimony to that effect. Because there is no official record of Greenidge being admitted to the bar of this court, defendant argues that Greenidge was only authorized to "ap-

pear and practice" before this court while he was 1) an attorney for the United States, and 2) in good standing as a member of the bar of every jurisdiction where he had been admitted to practice. *See* Old Local Rule 6(a); New Local Rule 83.5.3(a).

Greenidge failed to pay his annual dues for the District of Columbia bar for 1981, and his bar membership there was consequently suspended on April 2, 1981. Greenidge acknowledges he received notice in Massachusetts of the D.C. bar suspension. Greenidge remained suspended from the D.C. bar until March 20, 1992, when he paid $1,011.50 in past dues and regained his active status. Greenidge apparently remained in good standing with the bar of the D.C. federal district court all along.

In August 1985, Greenidge left government service and began employment as a litigation associate with the Boston law firm of Hale and Dorr. In February 1987 he sat for and passed the Commonwealth of Massachusetts limited bar examination, but was never admitted to the Massachusetts bar because of his failure to complete the application and to take the required Multi–State Professional Responsibility examination. In late 1988, Greenidge left Hale and Dorr for a private practice which included criminal defense cases in federal court.

In January 1990, Greenidge was hired by the Federal Public Defender in Boston to represent indigent defendants in federal criminal cases. Greenidge served as an Assistant Federal Public Defender from January 1990 to March 1992, when the Federal Defender Office suspended him upon learning that he was not admitted to this district's bar and was not in good standing in his predicate state bar (i.e., the D.C. bar) as required by New Local Rule 83.5.3(a).

While working at the Federal Defender Office, Greenidge was required to supply a Boston Board of Bar Overseers identification number ("BBO number") on all documents he filed in federal court pursuant to the United States District Court, District of Massachusetts, General Order 89–1 of June 6, 1989 (reprinted in 17 M.L.W. 2360 (August 7, 1989)), and the order's codification as Local Rule 5.1(a)(1) on September 1, 1990. The six digit number that Greenidge provided when he joined the Federal Defender Office, and which appeared on all his filings in this case, was neither a valid BBO number nor his D.C. bar identification number. Defendant argues that this fact evinces a deliberate attempt by Greenidge to conceal his allegedly unauthorized practice of law and constitutes the commission of a fraud on the court. Defendant contends that the combination of Greenidge's alleged lack of authorization to appear and practice before this court and seeming attempt to cover up that status requires a finding as a matter of law that defendant was denied effective assistance of counsel at trial.

The government argues that Greenidge was authorized to appear and practice before this court at the time of defendant's trial both as a duly qualified and admitted member of the bar of this court under Old Local Rule 5(c) and New Local Rule 83.-5.1(a)(1), and as a government attorney pursuant to New Local Rule 83.5.3(a). The government argues that defendant's request for a *per se* finding that he was denied counsel is therefore unwarranted. Alternatively, the government argues that even if Greenidge's bar status was defective at the time of defendant's representation, the violations at issue here were of a technical, administrative nature that do not merit the application of a *per se* rule. Instead the government argues that this court should apply the traditional standard for claims of ineffective assistance of counsel claims set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and reject defendant's motion for a new trial on the ground that defendant has failed to show that Greenidge committed serious, prejudicial error while handling defendant's case.

DISCUSSION

*I. Greenidge's Lack of Authority to Appear and Practice Before this Court*

Although there is no official record of Greenidge ever having been admitted to

the bar of this court, the government contends that Greenidge nonetheless was duly admitted to the bar of this court on November 16, 1977, through a "special admissions" procedure then in existence. See Old Local Rule 5(c). The government also argues that Greenidge remained a member of this bar in good standing when he represented the defendant, because under the New Local Rules effective on September 1, 1990, "[a]n attorney admitted to practice in this court before the effective date of this rule and in good standing upon that date is a member of this district bar as of that date without further action on the attorney's part." New Local Rule 83.5.1(a)(1).

For regular admission to the district bar, Old Local Rule 5(a) stated, "Any person who is engaged in the practice ... of law in Massachusetts and who is a member in good standing of the bar of the Supreme Judicial Court of Massachusetts or of the United States District Court for any other district is eligible for admission to the bar of this court." Old Local Rule 5(b) detailed the requisite procedures for regular admission, which included the filing of an application stating whether the applicant "has ever been subjected to disciplinary proceedings as a member of the bar of any court and, if so the circumstances connected therewith." Old Local Rule 5(b)(1)(F).

For special admission to the district bar, Old Local Rule 5(c) required the following:

By order of the court, in special circumstances, a person may be admitted to the bar of this court at any time, whether or not the person has complied with the requirements of sections (a) and (b) of this rule. The requirements that the person to be admitted make an oath (or affirmation), sign the register of attorneys, and pay the prescribed fee shall not be waived.

I agree with defendant that the government has not offered sufficient proof that Greenidge was ever admitted as a member of the bar of this court, either through the regular admissions requirements of Old Local Rule 5(a) and 5(b), or through the former special admissions provision of Old Local Rule 5(c). While the government implicitly argues that Greenidge's testimony alone should constitute sufficient evidence, I find the lack of official records to corroborate his testimony fatal to the government's position.

Thus, the only way that Greenidge was ever authorized to appear and practice before this court was as an attorney for the United States pursuant to Old Local Rule 6(a) and New Local Rule 83.5.3(a). Old Local Rule 6(a) stated:

An attorney in good standing as a member of the bar in every jurisdiction where he has been admitted to practice and not subject to pending disciplinary proceedings as a member of the bar in any jurisdiction who is a member of the bar of any United States District Court may appear and practice in this court as the attorney for the United States or an agency of the United States or an officer of the United States in his official capacity.

In 1990, Old Local Rule 6(a) was replaced by the virtually identical New Local Rule 83.5.3(A). Under both rules, Greenidge was unauthorized to appear and practice before this court as a government attorney so long as he remained suspended from his predicate membership in the D.C. bar.

In light of the above, I find for purposes of defendant's motion that Greenidge was never admitted to this district's bar, and was not otherwise authorized to appear and practice before this court as a government attorney while suspended for unpaid bar dues from April 2, 1981 through March 20, 1992. I also conclude that Greenidge's use of an invalid BBO number on court documents filed on defendant's behalf constituted either a deliberate attempt by Greenidge to hide his unauthorized status or an inexcusably reckless disregard of his obligations.

## II. The Per Se Ineffective Assistance of Counsel Rule

A criminal defendant's Sixth Amendment right to the effective assistance of counsel is a fundamental part of our criminal justice system's effort to provide a defendant with a fair trial. *United*

States v. Cronic, 466 U.S. 648, 653, 656, 104 S.Ct. 2039, 2045, 80 L.Ed.2d 657 (1984). While there is no First Circuit authority on point, many courts have held that if a defendant is convicted while represented by someone *who has never been admitted to any court's bar*, that defendant is deemed to have been denied counsel as a matter of law. *See e.g. Reese v. Peters*, 926 F.2d 668, 669 (7th Cir.1991) (citing *Solina v. United States*, 709 F.2d 160 (2d Cir.1983)); *United States v. Hoffman*, 733 F.2d 596, 599–600 (9th Cir.), *cert. denied*, 469 U.S. 1039, 105 S.Ct. 521, 83 L.Ed.2d 409 (1984); *Commonwealth v. Thibeault*, 28 Mass.App.Ct. 787, 790–92, 556 N.E.2d 403, 405 (1990). I agree. Under this *per se* rule, the defendant is entitled to a new trial even where the actual representation was beyond reproach. *See U.S. v. Mouzin*, 785 F.2d 682, 696–97 (9th Cir.1986); *Thibeault*, 28 Mass. App.Ct. at 790, 556 N.E.2d at 405.

> The principle applied in such cases is that one never admitted to practice law and therefore who never acquired the threshold qualification to represent a client in court cannot be allowed to do so, and no matter how spectacular a performance may ensue, it will not constitute [counsel] for purposes of the Sixth Amendment.

*Mouzin*, 785 F.2d at 697.

■ It does not follow, however, that the imposition of discipline on an attorney previously qualified and in good standing necessarily destroys his status as counsel under the Sixth Amendment. *See id.; Reese*, 926 F.2d at 669; *United States v. Novak*, 903 F.2d 883, 888 (2d Cir.1990); *Lopez–Torres v. United States*, 700 F.Supp. 631, 635 (D.P.R.1988), *aff'd*, 876 F.2d 4 (1st Cir.), *cert. denied*, 493 U.S. 979, 110 S.Ct. 508, 107 L.Ed.2d 510 (1989); *Johnson v. State*, 225 Kan. 458, 590 P.2d 1082 (1979). Where a previously qualified lawyer is suspended for a violation of an administrative requirement, such as the failure to pay bar dues, and not for a matter which would introduce doubt about his competence as an advocate, there is no per se violation of defendant's right to counsel. *See Reese*, 926 F.2d at 669–70 (citing *Beto v. Barfield*, 391 F.2d 275 (5th Cir.1968)); *Commonwealth v. Thomas*, 399 Mass. 165, 169–68,

503 N.E.2d 456, 458–59 (1987) (and cases cited therein).

■ Defendant argues that Greenidge's continued failure to pay his dues to the District of Columbia, his unauthorized practice of law for nearly eleven years, and his use of a false BBO number on court documents in this case evinces sufficiently egregious conduct to constitute the equivalent of a fraud on the court and warrant the application of the per se rule in this case. I disagree. After Greenidge was duly admitted to the District of Columbia bar in 1972, he worked for over nine years as a government attorney for several Organized Crime Strike Forces, undoubtedly gaining valuable litigation experience. Greenidge's 1981 suspension from the D.C. bar was solely for his nonpayment of dues. As the Seventh Circuit Court of Appeals stated in *Reese*, 926 F.2d at 670, previously qualified attorneys "who do not pay their dues violate a legal norm, but not one [generally] established for the protection of clients; suspensions used to wring money from lawyers' pockets do not stem from any doubt about their ability to furnish zealous and effective assistance." Similarly, Greenidge's failure to list a valid BBO number on court papers he filed on behalf of his clients does not raise serious questions about his *competence* as an advocate. The purpose behind requiring attorneys to include their Massachusetts state bar identification numbers on documents filed in this federal district court appears to have been primarily to "assist the clerk of this court in the implementation of computerized civil and criminal electronic docketing." United States District Court, District of Massachusetts, General Order 89–1, June 6, 1989 (reprinted in 17 M.L.W. 2360 (August 7, 1989)). I find that neither violation, alone or in combination, mandates a per se finding of ineffective assistance of counsel on the facts of this case.

### III.  The Traditional Test

■ In *Strickland, supra,* the United States Supreme Court announced what was to become the traditional standard for whether a criminal defendant has been de-

nied ineffective assistance of counsel. Both of the following must be present: First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064. Here defendant has met neither requirement. Other than the technical violations discussed above, defendant has offered no convincing evidence of prejudicial error in the way Greenidge conducted the defense. Given Greenidge's otherwise commendable representation of his client, and the defendant's failure to show substantial prejudice, I find that the defendant was not denied the effective assistance of counsel within the meaning of the Sixth Amendment. *See Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Perron v. Perrin,* 742 F.2d 669, 673 (1st Cir.1984) (holding that "a reasonably effective advocate, [who] has not substantially prejudiced his client" has met the constitutional standard). *See also Therrien v. Vose,* 782 F.2d 1, 3 (1st Cir.), *cert. denied,* 476 U.S. 1162, 106 S.Ct. 2285, 90 L.Ed.2d 727 (1986).

The evidence of the defendant's guilt was extensive, strong, persuasive, and well corroborated. The injustice, if any there be, lies in the mandatory minimum sentence of 15 years, for which Congress, not Mr. Greenidge, is responsible.

Accordingly, for the reasons cited above, defendant's motion for a new trial is denied.