USCA1 Opinion

 

 March 13, 1995 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ___________________ No. 94-1865 DOMENIC J. LOMBARDI, Petitioner, v. UNITED STATES OF AMERICA, Respondent. __________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND [Hon. Raymond J. Pettine, Senior U.S. District Judge] __________________________ ___________________ Before Torruella, Chief Judge, ___________ Boudin and Stahl, Circuit Judges. ______________ ___________________ Domenic J. Lombardi on brief pro se. ___________________ Sheldon Whitehouse, United States Attorney, and James H. Leavey, __________________ ________________ Assistant United States Attorney, on brief for respondent. __________________ __________________ Per Curiam. In 1992, a nine-count superseding ___________ indictment charged petitioner Domenic Lombardi with engaging in a fraudulent scheme to collect insurance proceeds through arson. Petitioner eventually pled guilty to six of these offenses: three counts of mail fraud (and conspiracy to commit same), 18 U.S.C. 1341; two counts of engaging in a monetary transaction with criminally derived property, 18 U.S.C. 1957; and one count of using a fire to commit mail fraud, 18 U.S.C. 844(h). At sentencing, the district court imposed a 63-month prison term for the first five counts, to which was added a mandatory, consecutive 60-month sentence for the 844(h) offense. On appeal, we affirmed petitioner's sentence in all respects. United States v. _____________ Lombardi, 5 F.3d 568 (1st Cir. 1993).1 ________ By way of the instant petition under 28 U.S.C. 2255, petitioner presents two new challenges to his sentence. Specifically, he contends that the court (1) miscalculated his criminal history category and (2) erred in sentencing him on the basis of relevant conduct. He also advances the derivative claim that his trial and appellate attorneys rendered ineffective assistance by failing to pursue these  ____________________ 1. Petitioner there advanced four challenges to his sentence, arguing that the court had erred (1) in its grouping of offenses, (2) by declining to depart downward on the basis of his age and health, (3) by awarding only two, rather than three, points for acceptance of responsibility, and (4) by ordering payment of a fine and restitution. We found each of these contentions to be without merit. -2- arguments. We need not decide to what extent such claims might be forfeited, see, e.g., Lopez-Torres v. United States, ___ ____ ____________ _____________ 876 F.2d 4, 5 (1st Cir.), cert. denied, 493 U.S. 979 (1989), ____________ or might otherwise not be cognizable in a 2255 proceeding, see, e.g., Knight v. United States, 37 F.3d 769, 771-74 (1st ___ ____ ______ _____________ Cir. 1994), inasmuch as we agree with the district court that petitioner's contentions are manifestly without merit. 1. Criminal History Category  _________________________ Petitioner's central challenge to the calculation of his criminal history category (CHC) is based on a misreading of the sentencing guidelines. In determining the CHC, the district court, inter alia, awarded one point under U.S.S.G. __________ 4A1.1(c) for each of the following three state court convictions: Attempting to obtain money under false pretenses. Offense committed on February 8, 1974. Petitioner sentenced on April 27, 1979, following nolo plea, to two years probation. (Violation of probation on June 18, 1979; continued on same probation.) Violation of banking law (two counts). Offenses committed on June 28, 1976. Petitioner sentenced on April 24, 1979, following nolo plea, to two years probation on each count, concurrent. (Violation of probation on June 18, 1979; sentenced to thirty days imprisonment.) Failure to return rental car. Offense committed on February 23, 1977. Petitioner sentenced on December 4, 1979, following nolo plea, to $100 fine. Petitioner contends that each of these offenses occurred too long ago to be considered. Yet the guidelines provide that -3- "[a]ny other prior sentence that was imposed within ten years of the defendant's commencement of the instant offense is counted." U.S.S.G. 4A1.2(e)(2). Petitioner does not dispute that the conspiracy to which he pled guilty began in 1988, or that the substantive offenses to which he pled guilty began in January 1989 at the latest. Accordingly, the sentences for each of the above three convictions (which were imposed in April and December 1979, respectively) occurred within the applicable ten-year period. Petitioner's argument to the contrary mistakenly relies on the date when each of those offenses was committed, rather than on the date when sentencing took place. Petitioner also asserts that the conviction for failure to return a rental car (with the resulting $100 fine) was too trivial to be considered. He points to U.S.S.G. 4A1.2(c)(1), which provides that some fifteen minor offenses that are there listed, "and offenses similar to them," are to be counted only if, inter alia, the sentence therefor was at __________ least one year of probation or thirty days of imprisonment.2 Yet his suggestion that the rental car conviction is "similar" to the offenses listed in 4A1.2(c)(1) appears  ____________________ 2. The offenses there specified include such infractions as contempt of court, gambling, resisting arrest, prostitution and trespassing. -4- dubious.3 This argument, in any event, was not raised below and so has been waived. And any error in this regard would plainly have been harmless. Unlike more substantial prior sentences for which either two or three points are added to the CHC, see U.S.S.G. 4A1.1(a)-(b), the guidelines provide ___ that one point shall be added for other prior sentences "up to a total of 4 points for this item," id. 4A1.1(c). ___ Included in petitioner's criminal history are at least five other convictions that, according to the presentence report (PSR), were eligible for a one-point addition but were not so counted because of the four-point maximum. Accordingly, were the rental car conviction to be disregarded, one of these other convictions would be included in its stead--such that petitioner's CHC would not change. Both of petitioner's challenges to the CHC calculation thus prove meritless. It follows that the failure of counsel to pursue these matters cannot be deemed ineffective assistance. 2. Relevant Conduct ________________ The district court increased petitioner's base offense level by eight points under U.S.S.G. 2F1.1(b)(1), based on a determination that the aggregate losses exceeded $200,000.  ____________________ 3. We note, for example, that (according to the presentence report) petitioner was originally convicted of such offense in state district court and sentenced to sixty days imprisonment. Only upon trial de novo in superior court did he receive the reduced sanction of a $100 fine. -5- In so finding, the court not only took into account the losses resulting from the offenses of conviction, but also considered under the "relevant conduct" provision of 1B1.3(a) those losses stemming from some eleven other instances of mail fraud in which petitioner allegedly participated. In an abstruse series of arguments, petitioner claims that the court erred in this regard. We disagree. First, to the extent petitioner is alleging that the relevant conduct provision is unconstitutional per se, his argument can be summarily rejected. See, e.g., United States ___ ____ _____________ v. Bennett, 37 F.3d 687, 692-94 (1st Cir. 1994); United _______ ______ States v. Carrozza, 4 F.3d 70, 80-81 (1st Cir. 1993), cert. ______ ________ _____ denied, 114 S. Ct. 1644 (1994); United States v. Wright, 873 ______ _____________ ______ F.2d 437, 441 (1st Cir. 1989). Second, to the extent he is contending that the evidence was insufficient to establish his involvement in the other mail frauds, it suffices to note that the district court was warranted in accepting as true all facts appearing in the PSR to which no objection had been voiced. See, e.g., United States v. Fox, 889 F.2d 357, 359 ___ ____ _____________ ___ (1st Cir. 1989). Third, to the extent he is arguing that the evidence was insufficient to establish that the other mail frauds were "part of the same course of conduct or common scheme or plan" as the offenses of conviction, U.S.S.G. 1B1.3(a)(2), we disagree. Each of the other frauds, involving efforts to defraud insurance companies by use of -6- the mails between 1988 and 1990, readily falls within the scope of those terms. See id. 1B1.3, comment. (n.9). ___ ___ Fourth, to the extent petitioner is complaining of counsel's failure to object to the consideration of such relevant conduct, we find no error. According to the PSR, petitioner had acknowledged his involvement in most of those other mail frauds to a confidential informant, who had captured such admissions on tape. In the face of such evidence, counsel's decision not to contest these matters (and thereby risk, inter alia, forgoing the reduction for __________ acceptance of responsibility) was well "within the range of competence demanded of attorneys in criminal cases." Hill v. ____ Lockhart, 474 U.S. 52, 56 (1985) (internal quotation ________ omitted). Finally, to the extent petitioner is objecting to the consideration of some $12,441 in losses resulting from a mail fraud involved in a related prosecution, the PSR specifically provided (in response to defense counsel's objection) that such losses would be excluded from that other case to avoid double-counting. We thus perceive no error. And again, any error in this regard would plainly have been harmless. Given the grouping rule that was applied at sentencing, petitioner's offense level would have remained unchanged even -7- if the losses had not exceeded $200,000.4 See U.S.S.G.  ___ 3D1.4(a); see also Lombardi, 5 F.3d at 570. His overall ________ ________ restitution obligation likewise would have remained unaltered. Affirmed.  _________  ____________________ 4. While the government has stated (and petitioner has not seriously disputed) that the losses would have exceeded that level even without including the $12,441 figure, the partly ambiguous record before us does not permit confirmation of this fact. -8-