**Dennis BONNEAU, Petitioner, Appellant,**

v.

**UNITED STATES of America, Respondent, Appellee.**

**No. 91–1584.**

United States Court of Appeals, First Circuit.

Heard Dec. 3, 1991.

Decided April 6, 1992.

Pamela A. Wilk with whom Peter Goldberger and Law Offices of Alan Ellis, P.C., Philadelphia, Pa., were on brief, for petitioner, appellant.

Dina Michael Chaitowitz, Asst. U.S. Atty., with whom Wayne A. Budd, U.S. Atty., Boston, Mass., was on brief, for respondent, appellee.

Before SELYA, Circuit Judge, BOWNES, Senior Circuit Judge, and CYR, Circuit Judge.

BOWNES, Senior Circuit Judge.

This is an appeal from the denial by the district court of movant's § 2255 motion for relief.[1] The only issue is whether appellant, Dennis Bonneau, who lost his right to a direct appeal of his conviction and sentence through the dereliction of his counsel, is entitled to a new appeal without first showing that there is a meritorious appellate issue. We hold that he is.

---

1. 28 U.S.C. § 2255 provides in pertinent part:

    A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

    A motion for such relief may be made at any time.

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

Appellant was found guilty on June 3, 1987, by a jury on one count of conspiring to distribute cocaine, on three counts of aiding and abetting in the distribution of cocaine, and on one count of possessing cocaine with intent to distribute. The Court of Appeals for the First Circuit established a briefing schedule, setting July 30, 1987, as the due date for the statement of issues and designation of appendix contents, and August 24 as the date when appellant's brief and appendix were due. On July 29, 1987, Bonneau's attorney, John C. McBride, sought and was granted an extension of the briefing deadlines because the relevant trial transcripts were not yet completed. An extension was granted: appellant's statement of issues and designation of appendix were due on October 12, 1987, and the brief and appendix were due on November 12, 1987. McBride filed appellant's statement of issues on October 20, 1987, more than a week late and altogether failed to file the required designation of appendix contents. On November 23, 1987, McBride moved for another extension to file appellant's brief and appendix because the court reporter had not yet completed the transcripts. We granted a second extension until December 28, 1987. McBride failed to meet the extended deadline.

On March 3, 1988, nothing having been filed since the request for the extension of time on November 23, 1987, the appeal was dismissed for want of prosecution under Local Rule 45 of the First Circuit.[2] Notice of dismissal was mailed to Bonneau's counsel. On March 28, 1988, mandate issued and the original record was returned to the district court.

Local Rule 45 provides that counsel may move for reinstatement within ten *days* of the dismissal of the appeal. On June 9, 1988, over ten *weeks* later, McBride moved to reinstate the appeal. There was no showing of "unusual circumstances justifying the grant of such a request." Nor did McBride offer an explanation of why he was two months late in filing the motion. McBride tendered a brief and appendix with his motion for reinstatement of the appeal. By order entered August 4, 1988, we denied McBride's motion to reinstate Bonneau's appeal.

Sometime thereafter appellant retained new counsel who on July 20, 1988, filed a motion under Fed.R.Crim.P. 35, as then in effect, asking that the court reduce his sentence. The motion was denied, and no appeal was taken from the denial.

On December 14, 1989, a motion pursuant to 28 U.S.C. § 2255 was filed. Such a motion may be made at any time. The § 2255 motion raised two issues: First, appellant attacked his sentence on the ground that:

> the court selected my sentence based upon a miscalculation of what the applicable range would be were I subject to sentencing under the U.S. Sentencing Comm'n Guidelines. This Court referred to a range of 168–210 months, when the correct range was at most 121 to 151 months.

The second issue was set forth as follows:

> Retained counsel John McBride filed my timely notice of appeal, and then entered his appearance on my behalf in the Court of Appeals to represent me on my direct appeal, on July 31, 1987. Counsel obtained extension of time to December 28, 1987 to file brief and appendix because transcript was not ready. Counsel failed to seek additional extension and did not file brief or appendix. For this reason, the appeal dismissed for want of prosecution under First Circuit Rule 45, on March 3, 1988, and notice was mailed to counsel. The mandate issued on March 28, 1988, and notice was again mailed to counsel. On June 9, 1988, counsel filed

---

**2.** Circuit Rule 45 provides in pertinent part:

**Loc.R. 45 Defaults.**

When a cause is in default as to the filing of the brief for appellant ..., and the appendix, if one is required, the clerk is to enter an order dismissing the appeal for want of diligent prosecution. A motion to set aside such an order must show unusual circumstances justifying the granting of such a request and should be filed within 10 days of the dismissal of the appeal.

in the Court of Appeals a motion to reinstate the appeal, which was denied, together with the brief and appendix.

I wanted to pursue my direct appeal and at no time communicated otherwise to counsel. To the contrary, I repeatedly wrote to Mr. McBride asking about the progress of my appeal. (I also paid Mr. McBride a substantial fee for pursuing that appeal, which Mr. McBride has to this day retained.) Counsel informed me that he had filed the brief and that the appeal was progressing long before he actually submitted the brief with his motion to reinstate the appeal. Counsel never told me that in actuality my appeal had been dismissed due to counsel's failure to file a brief and appendix. I was only later informed of this by my present lawyers.

Appellant argued in support of his § 2255 motion that he did not have to show that he had a meritorious issue for appeal in order to obtain the relief sought by the § 2255 motion—the right to appeal his conviction and sentence. The district court disagreed and required that appellant establish a meritorious appellate issue before being granted the right to appeal. While continuing to maintain that he did not have to show that he had a meritorious appellate issue, appellant filed a memorandum outlining two issues for direct appeal.

In denying the § 2255 motion, the district court stated:

> The First Circuit has in similar circumstances left it "open to the government to show that the [defaulted] appeal would have lacked merit." *Lopez–Torres v. United States*, 876 F.2d 4, 5 (1st Cir.), *cert. denied*, [493 U.S. 979] 110 S.Ct. 508 [107 L.Ed.2d 510] (1989). Nothing in the current jurisprudence of the Supreme Court, *cf. Arizona v. Fulminante* [—— U.S. ——, 111 S.Ct. 1246, 113 L.Ed.2d 302] (1991), suggests that this harmless error analysis would be invalid in this context.

The district court rejected appellant's contention that he did not have to show the existence of a meritorious appellate issue and considered the issues outlined by appellant in a memorandum to the court. The court held:

> Because I find no merit to these contentions, I need not address the arguably antecedent question whether the movant has demonstrated ineffectiveness by his former counsel in prosecuting his appeal. Even assuming ineffective counsel, the movant has failed beyond any reasonable doubt to demonstrate the existence of an issue sufficient to lead to a reversal of his conviction, new trial, or reduction in his sentence. Thus, I decline to allow his motion.

The district court issued a separate memorandum and order in response to appellant's motion pursuant to Fed.R.Crim.P. 35. The court denied the motion after explaining in detail its use of the Sentencing Guidelines and the reasons for the sentence given to appellant.

For the reasons that follow we hold the district court erred in requiring appellant to establish a meritorious appellate issue as a prerequisite to being granted a direct appeal.

## II. ANALYSIS

The Sixth Amendment guarantees that the accused shall "have the Assistance of Counsel for his defence." "The plain wording of this guarantee thus encompasses counsel's assistance whenever necessary to assure a meaningful 'defence.'" *United States v. Wade*, 388 U.S. 218, 225, 87 S.Ct. 1926, 1931, 18 L.Ed.2d 1149 (1967). *See Powell v. Alabama*, 287 U.S. 45, 69, 53 S.Ct. 55, 64, 77 L.Ed. 158 (1932) (Criminal defendant "requires the guiding hand of counsel at every step in the proceedings against him."); *Coleman v. Alabama*, 399 U.S. 1, 7, 90 S.Ct. 1999, 2002, 26 L.Ed.2d 387 (1970).

In *Evitts v. Lucey*, 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985), the Court held that the due process clause of the Fourteenth Amendment guarantees a criminal defendant the right to effective assistance of counsel on appeal. The Court stated:

> In bringing an appeal as of right from his conviction, a criminal defendant is

attempting to demonstrate that the conviction, with its consequent drastic loss of liberty, is unlawful. To prosecute the appeal, a criminal appellant must face an adversary proceeding that—like a trial—is governed by intricate rules that to a layperson would be hopelessly forbidding. An unrepresented appellant—like an unrepresented defendant at trial—is unable to protect the vital interests at stake. To be sure, respondent did have nominal representation when he brought this appeal. But nominal representation on an appeal as of right—like nominal representation at trial—does not suffice to render the proceedings constitutionally adequate; *a party whose counsel is unable to provide effective representation is in no better position than one who has no counsel at all.*

*Id.* at 396, 105 S.Ct. at 836 (emphasis added).

In *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the Court considered "the standards by which to judge a contention that the Constitution requires that a criminal judgment be overturned because of the actual ineffective assistance of counsel." *Id.* at 684, 104 S.Ct. at 2062. The Court stated: "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* at 686, 104 S.Ct. at 2063. A two-step analyses must be made before a conviction can be overturned because of ineffective assistance of counsel.

First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id.* at 687, 104 S.Ct. at 2064.

In *Satterwhite v. Texas*, 486 U.S. 249, 256, 108 S.Ct. 1792, 1797, 100 L.Ed.2d 284 (1988), the Court stated: "Some constitutional violations, however, by their very nature cast so much doubt on the fairness of the trial process that, as a matter of law, they can never be considered harmless. Sixth Amendment violations that pervade the entire proceeding fall within this category."

There are two Supreme Court cases bearing directly on the issue before us. In *Rodriquez v. United States*, 395 U.S. 327, 89 S.Ct. 1715, 23 L.Ed.2d 340 (1969), petitioner was prevented from appealing his conviction by counsel's failure to file a notice of appeal within the 10-day period. As here, petitioner brought a suit for post-conviction relief under 28 U.S.C. § 2255. He asked that his conviction be set aside and that he be resentenced so that he could appeal. The district court denied the § 2255 application because of petitioner's failure to follow a Ninth Circuit rule that required applicants, such as petitioner, to show what errors they would raise on appeal and to demonstrate that denial of the appeal had caused prejudice to petitioner. The Supreme Court reversed. *Id.* at 329, 89 S.Ct. at 1716. The Court first noted, quoting *Coppedge v. United States*, 369 U.S. 438, 441, 82 S.Ct. 917, 919, 8 L.Ed.2d 21 (1962), that an appeal from a district court conviction is a matter of right. In language directly applicable to the instant case, the Court stated:

Those whose right to appeal has been frustrated should be treated exactly like any other appellants; they should not be given an additional hurdle to clear just because their rights were violated at some earlier stage in the proceedings. Accordingly, we hold that the courts below erred in rejecting petitioner's application for relief because of his failure to specify the points he would raise were his right to appeal reinstated.

395 U.S. at 330, 89 S.Ct. at 1717.

The second case that bears directly on the issue before us is *Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988). *Penson* involved an indigent defen-

dant whose appointed appellate counsel was allowed to withdraw on the basis of a conclusory statement that the case had no merit and that he would not file a brief. *Id.* at 78, 109 S.Ct. at 348. The Ohio Court of Appeals noted that counsel's certification that the appeal was meritless was "highly questionable." *Id.* at 79, 109 S.Ct. at 349. It then examined the record without the assistance of any advocacy on behalf of defendant. The Ohio court found that there had been plain error in the jury instructions on one count. It reversed on that count but affirmed the conviction and sentences on the other count. The court of appeals held that defendant was not prejudiced by his attorney's dereliction because it had thoroughly examined the record and had received the benefit of arguments made by counsel for two co-defendants. The Ohio Supreme Court dismissed the appeal. The Supreme Court reversed. *Id.* at 79, 109 S.Ct. at 349.

The court pointed out first that allowing defense counsel to withdraw on the basis of a conclusory statement that an appeal would be meritless violated the teaching of *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). *Id.* at 80–83, 109 S.Ct. at 349–51. The Court emphasized "that the right to be represented by counsel is among the most fundamental of rights." *Id.* at 84, 109 S.Ct. at 351. It then stated:

> The need for forceful advocacy does not come to an abrupt halt as the legal proceeding moves from the trial to appellate stage. Both stages of the prosecution, although perhaps involving unique legal skills, require careful advocacy to ensure that rights are not forgone and that substantial legal and factual arguments are not inadvertently passed over.

*Id.* at 85, 109 S.Ct. at 352. The Court held: "By proceeding to decide the merits of petitioner's appeal without appointing new counsel to represent him, the Ohio Court of Appeals deprived both petitioner and itself of the benefit of an adversary examination and presentation of the issues." *Id.*

The Court expressly held that it was "inappropriate to apply either the prejudice

requirement of *Strickland,* or the harmless-error analysis of *Chapman.*" *Id.* at 88–89, 109 S.Ct. at 353–54 (footnote omitted). The reasoning of the Court encompasses the issue before us:

> Finally, it is important to emphasize that the denial of counsel in this case left petitioner completely without representation during the appellate court's actual decisional process. This is quite different from a case in which it is claimed that counsel's performance was ineffective. As we stated in *Strickland,* the "[a]ctual or constructive denial of the assistance of counsel altogether is legally presumed to result in prejudice." 466 U.S., at 692 [104 S.Ct. at 2067]. Our decision in *United States v. Cronic,* likewise, makes clear that "[t]he presumption that counsel's assistance is essential requires us to conclude that a trial is unfair if the accused is denied counsel at a critical stage of his trial." 466 U.S. [648] at 659 [104 S.Ct. 2039, 2047, 80 L.Ed.2d 657] (footnote omitted). Similarly, *Chapman* recognizes that the right to counsel is "so basic to a fair trial that [its] infraction can never be treated as harmless error." 386 U.S. [18] at 23, and n. 8 [87 S.Ct. 824, 828 n. 8, 17 L.Ed.2d 705 (1967). And more recently, in *Satterwhite v. Texas,* 486 U.S. 249, 256 [108 S.Ct. 1792, 1797, 100 L.Ed.2d 284] (1988), we stated that a pervasive denial of counsel casts such doubt on the fairness of the trial process, that it can never be considered harmless error. Because the fundamental importance of the assistance of counsel does not cease as the prosecutorial process moves from the trial to the appellate stage, see *supra,* 488 U.S. at 85 [109 S.Ct. at 352], the presumption of prejudice must extend as well to the denial of counsel on appeal.
>
> The present case is unlike a case in which counsel fails to press a particular argument on appeal, cf. *Jones v. Barnes,* 463 U.S. 745 [103 S.Ct. 3308, 77 L.Ed.2d 987] (1983), or fails to argue an issue as effectively as he or she might.

*Id.* at 88, 109 S.Ct. at 353–54.

Although not directly on point, the recent Supreme Court case of *Lozada v. Deeds,*

— U.S. ——, 111 S.Ct. 860, 112 L.Ed.2d 956 (1991), is instructive. The Court reversed the refusal to grant a certificate of probable cause in a habeas corpus proceeding. The petitioner alleged that ineffective assistance of counsel had deprived him of the right to appeal his state court conviction. The refusal to grant the certificate of probable cause was based on a "no prejudice" finding under the *Strickland* analysis. The language of the Court is relevant to this case:

> The District Court rested its analysis on the prejudice prong of the *Strickland* inquiry and that was presumably the basis for the Court of Appeals' decision to deny a certificate of probable cause. We believe the issue of prejudice caused by the alleged denial of the right to appeal could be resolved in a different manner than the one followed by the District Court. Since *Strickland* at least two Courts of Appeals have presumed prejudice in this situation. See *Abels v. Kaiser*, 913 F.2d 821, 823 (CA10 1990); *Estes v. United States*, 883 F.2d 645, 649 (CA8 1989); see also *Rodriquez v. United States*, 395 U.S. 327, 330, 89 S.Ct. 1715, 1717, 23 L.Ed.2d 340 (1969).

*Id.* 111 S.Ct. at 862.

We next turn to pertinent courts of appeals opinions. In *United States v. Tajeddini*, 945 F.2d 458 (1st Cir.1991), the petitioner contended that his counsel failed to file a notice of appeal although at sentencing counsel had stated that there would be an appeal. Petitioner brought a pro se § 2255 motion in the district court. The district court denied the motion without explanation, but it was apparent that the court thought it was frivolous. Petitioner appealed pro se and represented himself on appeal. Citing to *Penson v. Ohio* we held: "Absent appointment of counsel for petitioner, we do not think it permissible for either the district court or this court to determine that any appeal would be frivolous." *Id.* at 467. In a footnote to this statement we noted that this case was pending before the court and stated: "We decide now only that an unrepresented, indigent prisoner, deprived through ineffective assistance [sic] counsel of his direct criminal appeal, can not be required to specify what issues he would raise on appeal were his appeal reinstated." *Id.* at 467 n. 2. We remanded for a determination of whether petitioner's loss of appellate rights was voluntary. *Id.* at 468–69.

In *Lopez–Torres v. United States*, 876 F.2d 4 (1st Cir.1989), we stated:

> We recognize that a defendant cannot, by means of a § 2255 proceeding, revive rights lost by a voluntary failure to appeal. *Martin v. United States*, 462 F.2d 60, 62–63 (5th Cir.), *cert. denied*, 409 U.S. 1043, 93 S.Ct. 539, 34 L.Ed.2d 494 (1972). The reverse does not follow. If the error was the loss of the right of appeal, this may be reviewed under § 2255, and relief may be granted. *E.g., Mack v. Smith*, 659 F.2d 23 (5th Cir.1981); *United States v. Winterhalder*, 724 F.2d 109 (10th Cir. 1983). *But we have equally said that it may be open to the government to show that the appeal would have lacked merit. Desmond v. United States*, 333 F.2d 378, 381 (1st Cir.1964); *cf. Gardner v. Ponte*, 817 F.2d 183, 189 (1st Cir.), *cert. denied*, 484 U.S. 863, 108 S.Ct. 181, 98 L.Ed.2d 134 (1987).

*Id.* at 5 (emphasis ours). It is significant that the panel did not cite to or discuss either *Penson* or *Rodriquez* which we think are controlling. We therefore do not feel bound by the emphasized language.[3]

In *United States v. Davis*, 929 F.2d 554, 557 (10th Cir.1991), the court held that a defendant is denied effective assistance of counsel if he asks his lawyer to appeal and the lawyer fails to do so. "The proper remedy is a resentencing to enable defen-

---

**3.** Because we re-examined *Lopez–Torres* in light of *Rodriquez* and *Penson*, the panel circulated the opinion to the entire court for comments prior to release and publication.

The full Court of Appeals, considering en banc whether or not to follow *Lopez–Torres v. United States*, 876 F.2d 4 (1st Cir.), *cert. denied*, 493 U.S. 979, 110 S.Ct. 508, 107 L.Ed.2d 510 (1989), in light of the Supreme Court decisions, *Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988) and *Rodriquez v. United States*, 395 U.S. 327, 89 S.Ct. 1715, 23 L.Ed.2d 340 (1969), agrees with the panel's decision not to follow that case, for the reason stated in the panel decision.

dant to perfect an appeal." In *Abels v. Kaiser*, 913 F.2d 821 (10th Cir.1990), the court held that counsel's failure to appeal nullified the prejudice test of *Strickland. Id.* at 823. The court also held:

> In this court petitioner alleges correctly that when courts have found counsel constitutionally inadequate, because either retained or appointed counsel failed to properly perfect an appeal, they do not consider the merits of arguments that the defendant might have made on appeal.

*Id.*· The court then cited to and quoted from *Rodriquez. Id.*

The Eighth Circuit has held that "deficient attorney performance in perfecting an appeal is prejudicial under the *Strickland* ... standard for determining ineffective assistance of counsel." *Williams v. Lockhart*, 849 F.2d 1134, 1137 n. 3 (8th Cir. 1988). In *Estes v. United States*, 883 F.2d 645 (8th Cir.1989), the court, following *Williams*, vacated the dismissal of a § 2255 petition on no-prejudice grounds and remanded for a hearing on the issue of whether petitioner had requested his counsel to file an appeal. It ordered: "Should the District Court determine that appellant is entitled to relief, the prior judgment of conviction and sentence should be vacated and a new judgment entered which would enable Estes to appeal therefrom after such entry." *Id.* at 649.

In a habeas corpus proceeding the Seventh Circuit, in *United States ex rel. Thomas v. O'Leary*, 856 F.2d 1011 (7th Cir.1988), held that the failure of trial counsel to file an opposition brief during the state's appeal of the trial court's suppression order was ineffective assistance of counsel and this was presumptively prejudicial. The court specifically held *Strickland's* prejudice component not applicable. *Id.* at 1016. It also rejected a harmless error analysis under *Chapman*, finding

that "application of a harmless error analysis is unwise and inappropriate." *Id.* at 1019.

### III.  CONCLUSION

There can be no doubt that appellant here was deprived of his constitutional right·to appeal because of the dereliction of counsel. This is not a case of sloppy briefing that missed some vital issues and/or inadequate oral argument. Appellant never had an opportunity to appeal. He is entitled to do so and must be treated exactly like any other appellant appealing for the first time. *Rodriquez v. United States*, 395 U.S. at 330, 89 S.Ct. at 1717. This means that he does not have to show that there are meritorious issues to be appealed.[4]

The dismissal of the § 2255 petition is vacated. The matter is remanded to the district court for resentencing so that petitioner can take a direct appeal to this court. We, of course, intimate no·opinion as to the merits of the issues argued and decided below.

So Ordered.

---

4. Contrary to the government's suggestion, we do not think ·that the filing of a late brief in connection with a late motion to reinstate the appeal, after the appeal had been dismissed, *see supra* at p. 18, was a satisfactory proxy for the filing of a timely brief on appeal. The only issue then before the court was whether the dismissal order should be set aside because of

"unusual circumstances." 1st Cir.Loc.R. 45. The merits of Bonneau's case were not directly implicated. Moreover, the record does not indicate that the duty panel of this court, which denied the Local Rule 45 motion without comment, ever considered the substance of the foregone appeal.