998 F.2d 1016
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Ricky J. RIES, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 91-3356.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 15, 1993.*
Decided July 21, 1993.
Rehearing and Suggestion for Rehearing En Banc
Denied Aug. 16, 1993.
 
 Before POSNER, FLAUM and EASTERBROOK, Circuit Judges.
 
 Order
 
 1
 Ricky J. Ries pleaded guilty to distributing cocaine, was sentenced to 63 months' imprisonment, and did not appeal. Later he filed a petition under 28 U.S.C. § 2255, contending that the sentence exceeded the level that a proper application of the Sentencing Guidelines would have produced. Such a contention is not ordinarily appropriate under § 2255. Scott v. United States, No. 91-3413 (7th Cir. June 29, 1993). In an effort to explain his failure to appeal, Ries argued in the district court that his lawyer furnished ineffective assistance. The district court rejected this contention, concluding that, because the sentence is appropriate, Ries could not establish "prejudice" from the lack of a direct appeal. The district judge therefore did not consider whether the lawyer's failure to appeal was a professional shortcoming, which it was not if the lack of an appeal was a result of the defendant's voluntary choice.
 
 
 2
 Ries raised the constitutional challenge to his lawyer's performance in order to obtain an appellate hearing on the appropriate length of his sentence. Now that he is before the court of appeals, Ries has ignored the subject of ineffective assistance and given his entire brief over to a discussion of sentencing issues. Yet Ries is entitled to a decision on the merits of these issues only if he first demonstrates ineffective assistance. Because Ries has not presented for decision any contention concerning his lawyer's performance, we need not consider whether the district court was right in believing that a lawyer's failure to pursue an appeal may be challenged only by establishing that the defendant probably would have prevailed on that appeal. See Bonneau v. United States, 961 F.2d 17 (1st Cir.1992) (lawyer's failure to take an appeal, despite the defendant's request, is ineffective assistance without regard to the probable outcome); United States v. Horodner, 993 F.2d 191, 195 (9th Cir.1993) (same). As Ries presents his case here, the only question is the appropriate length of his sentence. Scott holds that questions concerning the application of the Sentencing Guidelines must be raised on direct appeal. Prisoners may not use petitions under § 2255 as belated appeals.
 
 
 3
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a), Circuit Rule 34(f). No such statement has been filed, so the appeal is submitted for decision on the briefs and record