50 F.3d 1
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Joseph ROBERTS, a/k/a Joseph Coral, Petitioner, Appellant,
v.
George GRIGAS, ETC., Respondent, Appellee.
 No. 94-1818
 United States Court of Appeals,
First Circuit.
 Mar. 24, 1995
 
 Appeal from the United States District Court for the District of Massachusetts [Hon. Joseph L. Tauro, U.S. District Judge ]
 Valeriano Diviacchi on brief for appellant.
 Scott Harshbarger, Attorney General, and William J. Duensing, Assistant Attorney General, on brief for appellee.
 D.Mass.
 AFFIRMED.
 Before TORRUELLA, Chief Judge, SELYA and BOUDIN, Circuit Judges.
 PER CURIAM.
 
 
 1
 In September 1984, petitioner, Joseph Roberts, was convicted of armed robbery. His court-appointed attorney timely filed a notice of appeal. Later, counsel filed a motion to withdraw which the Massachusetts Appeals Court denied. Ultimately, the Appeals Court dismissed petitioner's appeal on November 10, 1986, counsel never having filed a brief on petitioner's behalf.
 
 
 2
 Upon discovering this in 1991, petitioner filed, in the Appeals Court, a pro se motion to reinstate his appeal. In support, he argued that he had not authorized his attorney to forego the direct appeal of his conviction. As a result, petitioner went on, his right to the effective assistance of counsel, as secured by the Sixth and Fourteenth Amendments, had been violated. The Appeals Court denied both the motion to reinstate and a subsequent request for reconsideration. The Massachusetts Supreme Judicial Court ("SJC") denied petitioner's request for further appellate review.
 
 
 3
 In April 1992, petitioner filed this habeas petition under 28 U.S.C. Sec. 2254. He again claimed that his court- appointed attorney's conduct had been constitutionally defective. The district court appointed counsel to represent petitioner, but dismissed the habeas petition on the ground that petitioner had not exhausted his state remedies. See 28 U.S.C. Sec. 2254(b). Specifically, the court held that Mass. R. Crim. P. 30(b)[1] provided petitioner with a chance to present his ineffective assistance claim to the courts of the Commonwealth. Thus, petitioner was required to exhaust this remedy under Sec. 2254(c).[2] We agree.
 
 
 4
 As a matter of comity, "[t]he exhaustion principle ensures that state courts have the first opportunity to correct their own constitutional errors." Mele v. Fitchburg Dist. Court, 850 F.2d 817, 819 (1st Cir. 1988). Although an applicant for the writ is not required to exhaust every conceivable state procedure before filing his or her claim in federal court, the applicant "is at risk to present the state courts with a fair opportunity to confront and correct an alleged infirmity." Id. at 818-19. Here, there appears to be no question that petitioner's motions alerted both the Appeals Court and the SJC to the constitutional dimensions of his ineffective assistance of counsel claim. Thus, the question is whether the context in which this claim was raised constitutes "fair presentation." Castille v. Peoples, 489 U.S. 346 (1989).
 
 
 5
 In Castille, a Sec. 2254 petitioner presented new constitutional claims in his request for allocatur to the Pennsylvania Supreme Court; such review is discretionary. The United States Supreme Court held that the exhaustion requirement is not satisfied "where the claim has been presented for the first and only time in a procedural context in which its merits will not be considered unless 'there are special and important reasons therefor.' " Id. at 351 (citation omitted). We think it obvious that when the Appeals Court considers a motion to reopen or reinstate an appeal five years after the appeal's dismissal, its review is discretionary. The same goes for the SJC's decision whether to grant further appellate review. Consequently, petitioner has not exhausted his state remedies.
 
 
 6
 "The requisite exhaustion may nonetheless exist, of course, if it is clear that [petitioner's] claims are now procedurally barred under [Massachusetts] law." See id. Our task then is to determine whether the Massachusetts courts would permit petitioner to pursue his claim in a Rule 30(b) motion. "[I]n determining whether a remedy for a particular constitutional claim is 'available,' the federal courts are authorized, indeed required, to assess the likelihood that a state court will accord the habeas petitioner a hearing on the merits of his claim." Harris v. Reed, 489 U.S. 255, 268 (1989) (O'Connor, J., concurring).
 
 
 7
 In Commonwealth v. Cowie, 404 Mass. 119, 533 N.E.2d 1329 (1989), the defendant, whose direct appeal had been forfeited by his attorney, filed a motion in the SJC to reinstate his appeal. A single justice denied the motion pointing out that the post-conviction remedies in Rule 30(a) and (b) were available. Defendant then filed a Rule 30(a) motion in the superior court in an effort to secure appellate review. The court denied the motion for reasons not relevant here. The defendant declined the superior court's invitation to file a Rule 30(b) motion, preferring to appeal to the SJC.
 
 
 8
 The SJC first rejected defendant's argument that the Constitution required it to provide him with a late appeal. 404 Mass. at 121, 533 N.E.2d at 1331. In so doing, it relied on Evitts v. Lucey, 469 U.S. 387 (1985). In Evitts, the Supreme Court held that the Fourteenth Amendment due process clause is violated when a criminal defendant does not have the effective assistance of counsel on an appeal as of right. Id. at 396. The Court noted, though, that a state need not provide the defendant with a new appeal so long as the substitute relief is constitutionally adequate. Id. at 399. As an example of such a remedy the Court referred to a post- conviction attack on the conviction. Id. Based on this, the SJC held that Rule 30(b) "fully accords with due process as a remedy for the defendant's frustrated right of appeal." 404 Mass. at 122-23, 533 N.E.2d at 1332.
 
 
 9
 Petitioner correctly points out that where counsel's dereliction results in the loss of a direct criminal appeal, habeas relief is available without a showing that the direct appeal has merit. See Bonneau v. United States, 961 F.2d 17, 23 (1st Cir. 1992); Wilbur v. State of Maine, 421 F.2d 1327, 1330 (1st Cir. 1970). In Wilbur, a Sec. 2254 applicant alleged that his attorney had failed to pursue a direct appeal from the applicant's conviction. As here, the applicant filed a motion to reinstate the appeal, arguing that he had received ineffective assistance of counsel. The Maine Supreme Judicial Court denied the motion, noting that no injustice would result from its denial.
 
 
 10
 We specifically found that the applicant had presented his constitutional claims to the Maine SJC, thereby exhausting state remedies. 421 F.2d at 1330. We also rejected the Maine SJC's indication that the merits of the applicant's direct appeal were relevant to a decision whether the applicant had received ineffective assistance of counsel. Id. We therefore remanded the matter to the district court with instructions to grant the writ if the state could not show that the applicant's ineffective assistance of counsel claim was without merit and if the Maine Supreme Judicial Court refused to reinstate the appeal. Id.
 
 
 11
 Petitioner asserts that, contrary to Wilbur, the district court here is requiring him to seek state review of the merits of his lost appeal via Rule 30(b). We do not read the district court's order in this way. Although Cowie held that Rule 30(b) is an appropriate substitute for a lost appeal, there is no indication that Rule 30(b) is limited to the consideration of the merits of the appeal. Put another way, Rule 30(b) apparently remains available for the determination that petitioner received ineffective assistance of counsel-the prerequisite to obtaining state review of petitioner's appellate arguments. We finally note that although Wilbur contemplated reinstatement of the direct appeal, Castille now requires the exhaustion of Rule 30(b) in this instance.
 
 
 12
 The judgment of the district court is summarily affirmed. See Local Rule 27.1.
 
 
 
 [1]
 Rule 30(b) provides:
 New Trial. The trial judge upon motion in writing may grant a new trial at any time if it appears that justice may not have been done. Upon the motion the trial judge shall make such findings of fact as are necessary to resolve the defendant's allegations of error of law.
 
 
 [2]
 Section 2254(c) provides that "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State ... if he has the right under the law of the State to raise, by any available procedure, the question presented."