Carlos **BATISTA ZABALA**, Petitioner,

v.

**UNITED STATES of America,**
**Respondent.**

Civil Action No. 96–1283(RLA).
No. Cr. 86–294(RLA).

United States District Court,
D. Puerto Rico.

March 7, 1997.

Carlos Batista Zabala, Miami, FL, pro se.

Nelson J. Pérez–Sosa, Assistant U.S. Attorney, District of Puerto Rico, Civil Division, Hato Rey, PR, for Respondent.

## ORDER IN THE MATTER OF COUNSEL'S ALLEGED FAILURE TO FILE APPEAL

ACOSTA, District Judge.

The Court has before it petitioner's *pro se* motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 claiming he received ineffective assistance of counsel due to his court-appointed attorney's failure to appeal his sentence of conviction.

### BACKGROUND

Petitioner pled guilty on April 23, 1987, to counts Four, Five and Six of the Superseding Indictment in Crim. No. 86–294(RLA), charging him and three codefendants with forcibly assaulting with dangerous weapons several agents of the Federal Bureau of Investigation (FBI) on April 29, 1986, in violation of 18 U.S.C. §§ 111 and 1114.

Sentencing took place on July 8, 1987. A few days prior to the sentencing hearing, BATISTA ZABALA forwarded to the Court a *pro se* motion[1] to withdraw his plea of guilty and requesting appointment of a new attorney, alleging that he had been wrongfully induced by defense counsel to plead guilty with the expectation that he would receive concurrent sentences.[2]

At the sentencing hearing, after questioning BATISTA ZABALA and determining that petitioner had "voluntarily and without hesitation responded [to the Court's questions during the plea colloquy] regarding the consequences of [his] plea of guilty and [his]

---

1. Docket No. 138, filed on July 7, 1987.

2. Petitioner claims in his § 2255 motion that during his presentence interview with a U.S.

Probation officer it became evident that he was to receive consecutive rather than concurrent sentences for each of the counts in question.

understanding of the proceedings"[3], the Court denied petitioner's motion for withdrawal of his plea and for appointment of new counsel and proceeded to sentence petitioner BATISTA ZABALA to ten-year consecutive terms of imprisonment for each of counts Four, Five and Six.

## DELAY IN FILING

This 28 U.S.C. § 2255 petition filed approximately nine years after BATISTA ZABALA's conviction raises the presumption that petitioner failed to act diligently in filing his claim for relief, making it assailable under Rule 9(a) of the Rules Governing Section 2255 Cases, which states as follows:

> A motion for relief made pursuant to these rules may be dismissed if it appears that the government has been prejudiced in its ability to respond to the motion by delay in its filing unless the movant shows that it is based on grounds of which he could not have had knowledge by the exercise of reasonable diligence before the circumstances prejudicial to the government occurred.

### Prejudice to the Government

The Government avers that this petition, having been filed almost nine years after BATISTA ZABALA's sentence, weighs heavily against petitioner because no mention of his counsel's failure to appeal was made by petitioner during all the previous years. It further argues that the petition can be dismissed without a factual determination as to petitioner's ineffective assistance of counsel claims, because "no deprivation of rights appears on the record".

We are cognizant that BATISTA ZABALA's filing of the Section 2255 motion is indeed tardy. Although 28 U.S.C. § 2255 allows a petitioner to seek relief "at any time", precluding any strict limitations period, Rule 9(a) permits the application of the equitable doctrine of laches. *See* Advisory Committee Note to Rule 9, 28 U.S.C. foll. § 2255. ("Subdivision (a) provides a flexible, equitable time limitation based on laches to prevent movants from withholding their claims both in meeting the allegations of the motion and in any possible retrial."); *see also, United States v. Gutierrez,* 839 F.2d 648, 650 (10th Cir.1988). *But see, Heflin v. United States,* 358 U.S. 415, 420, 79 S.Ct. 451, 454, 3 L.Ed.2d 407 (1959) (Stewart J., concurring) ([A]s in habeas corpus, [under § 2255] there is no statute of limitations, no *res judicata* and ... the doctrine of laches is inapplicable.") and *United States v. Bostic,* 206 F.Supp. 855 (D.C.D.C.1962) (insofar as "neither the statute of limitations nor laches can bar the assertion of a constitutional right, ... the passage of time may [nonetheless] make it impracticable to retry a case if the motion is granted and a new trial is ordered.")

■ Notwithstanding the above, "prejudice to the government's ability to retry the case is not a consideration when ruling upon [the delay in filing] a § 2255 motion", *United States v. Nahodil,* 36 F.3d 323 (3rd Cir.1994), because "prejudice", under Rule 9(a) of the Rules Governing § 2254 Proceedings, refers to prejudice in responding to the petition, not to prejudice in retrying the defendant. *Vasquez v. Hillery,* 474 U.S. 254, 264–265, 106 S.Ct. 617, 624, 88 L.Ed.2d 598 (1986).

Since a § 2255 motion is the federal equivalent of a state habeas petition filed pursuant to 28 U.S.C. § 2254, the Supreme Court's decision in *Vasquez* regarding the suitable inquiry as to prejudice to the government has been applied to both federal and state habeas petitions. *Nahodil,* 36 F.3d at 327.

■ Having carefully reviewed BATISTA ZABALA's petition and the government's response the Court finds that the government failed to establish that it has been prejudiced in its ability to respond to the motion. Accordingly, petitioner's claim for relief, although belated, shall be duly considered by the Court.

## INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM

BATISTA ZABALA claims his court-appointed attorney failed to file a notice of

---

**3.** See transcript of sentencing hearing held on July 8, 1987 (docket No. 180, filed on December 6, 1995) at p. 6.

appeal from his conviction despite his request.

■ The law governing a federal criminal defendant's right to appeal his conviction and sentence is well settled in this Circuit. A person deprived of the right to direct appeal in a criminal case "through the dereliction of his counsel" must have a new appeal regardless of whether he can demonstrate the existence of any viable appellate issue. *Bonneau v. United States,* 961 F.2d 17, 23 (1st Cir. 1992) (citing *Rodriquez v. United States,* 395 U.S. 327, 330, 89 S.Ct. 1715, 1717, 23 L.Ed.2d 340, 344 (1969)).

Indeed, more than twenty-five years ago, the Court of Appeals for the First Circuit recognized that "the failure of court-appointed counsel to prosecute an appeal—in the absence of waiver by the defendant or compliance with *Anders v. California,* 386 U.S. 738, 744 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493 (1967)—is a per se deprivation of the right to counsel." *Wilbur v. Maine,* 421 F.2d 1327, 1329 (1st Cir.1970). "This is [so] because a federally convicted defendant has a right to a direct appeal from his conviction, *Coppedge v. United States,* 369 U.S. 438, 441, 82 S.Ct. 917, 919, 8 L.Ed.2d 21 (1962), as well as the constitutional right to the effective assistance of counsel on that appeal, *Evitts v. Lucey,* 469 U.S. 387, 396–98, 105 S.Ct. 830, 836–37, 83 L.Ed.2d 821 (1985), rights which are denied if an appointed counsel fails without the defendant's knowledge to perfect the appeal." *United States v. Tajeddini,* 945 F.2d 458, 467 (1st Cir.1991).

Other circuit courts of appeal have reached decisions in accord with those of the First Circuit in *Bonneau* and *Tajeddini. See, e.g., Castellanos v. United States,* 26 F.3d 717, 718 (7th Cir.1994) ("If the defendant told his lawyer to appeal, and the lawyer dropped the ball, then the defendant has been deprived, not of effective assistance of counsel, but of any assistance of counsel on appeal."); *United States v. Peak,* 992 F.2d 39 (4th Cir.1993) dismissal of § 2255 claim alleging attorney failure to appeal, reversed and remanded with instruction to enter a new judgment of conviction from which an appeal can be taken); *United States v. Davis,* 929 F.2d 554 (10th Cir.1991) (where counsel fails to heed defendant's request to appeal, the proper remedy is a resentencing to enable defendant to perfect an appeal).

■ The Court has judiciously considered the arguments presented in petitioner's Memorandum of Law in Support of Habeas Corpus,[4] the government's opposition thereto[5] and petitioner's reply.[6] The government maintains that given the circumstances surrounding BATISTA ZABALA's sentence (i.e., his requests to withdraw his plea of guilty and for appointment of new counsel), it is unlikely that petitioner would have requested his attorney to file an appeal, in which case "no further steps need be taken by the [ ] Court ..."[7] We are unconvinced by this reasoning, particularly since the government immediately thereafter concedes. that "the record is devoid of any indicia that petitioner requested from his counsel that a notice of appeal be filed."[8] Indeed, a painstaking examination of the file of the criminal case and the transcripts and record relating to petitioner's conviction and sentence uncovers no other document on this matter.[9] Given the dearth of information on the record on petitioner's contention that he asked that an appeal be filed, the Court finds that it is unable to make the necessary credibility assessment as to whether the failure to file such appeal was due to BATISTA ZABALA's own volition or the neglect of counsel.

---

4. See attachment to 28 U.S.C. § 2255 motion, **docket No. 2,** filed on March 8, 1996.

5. **Docket No. 7,** filed on July 3, 1996.

6. See Petitioner's Brief Reply to the Government's Response, **docket No. 8,** filed on August 1, 1996. *See also* Motion to Court Requesting Final Resolution ... (**docket No. 9,** filed on February 10, 1997), which motion is **MOOT.**

7. *See* Government's response (docket No. 7) at p. 10.

8. *See* Government's response (docket No. 7) at p. 9.

9. The Court acknowledges that the transcript of petitioner's sentencing hearing (docket No. 180, filed on December 6, 1995) reveals that the Court did not provide an admonishment of his appeal rights to this petitioner.

248

Therefore, pursuant to Rule 7 of the Rules Governing Section 2255 Proceedings the record shall be expanded to include a statement by petitioner's former counsel as to the circumstances surrounding the decision to forego the filing of an appeal.

Accordingly, IT IS HEREBY ORDERED as follows:

RAMON GARCIA, Esq.,[10] shall file, **on or before April 1, 1997,** a motion under oath responding to petitioner's allegations and setting forth pertinent details concerning conversations, correspondence and/or relevant documentation exchanged with petitioner either before, during or after his sentencing hearing on the subject of the filing of an appeal.

IT IS FURTHER ORDERED that the Clerk of the Court shall make available to counsel, free of charge, copies of the civil and criminal dockets and of any pertinent motions or filings requested by Mr. Garcia.

Once counsel's motion is filed, the Court shall determine whether an evidentiary hearing shall be required before final disposition of this action.

IT IS SO ORDERED.

10. Attorney GARCIA was petitioner's court-appointed counsel in the underlying criminal proceedings.