[NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT]

 United States Court of Appeals
 For the First Circuit

No. 97-1690

 JUAN E. RODRIGUEZ,

 Petitioner, Appellant,

 v.

 UNITED STATES OF AMERICA,

 Respondent, Appellee.

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MASSACHUSETTS

 [Hon. Robert E. Keeton, U.S. District Judge]

 Before

 Boudin, Stahl and Lynch,
 Circuit Judges.

 Juan E. Rodriguez on brief pro se.
 Donald K. Stern, United States Attorney, and Theodore B.
Heinrich, Assistant United States Attorney, on brief for appellee.

June 4, 1998

 Per Curiam. Petitioner Juan Rodriguez, a resident
alien from the Dominican Republic, appeals from the denial of
his petition for habeas relief under 28 U.S.C. 2255. In
1995, he pled guilty to a pair of drug offenses and was
sentenced to a mandatory term of ten years in prison; included
in the judgment was a recommendation that he be immediately
deported if such a course was consistent with the Attorney
General's policies. The principal claim now advanced is that
trial counsel rendered ineffective assistance by improperly
persuading petitioner not to appeal from that conviction,
thereby precluding appellate review of various sentencing
issues. In particular, counsel is alleged to have "assured"
petitioner that he would be immediately deported and that an
appeal was thus unnecessary. The district court dismissed the
petition without a hearing. We affirm substantially for the
reasons enumerated in the court's decision, adding only the
following comments.
 Contrary to petitioner's suggestion, this is not a
case of failure on the part of counsel to file a requested
notice of appeal. See, e.g., Bonneau v. United States, 961
F.2d 17 (1st Cir. 1992); United States v. Tajeddini, 945 F.2d
458, 466-69 (1st Cir. 1991) (per curiam). No matter how his
allegations are construed, it is clear that petitioner
eventually acquiesced in his lawyer's advice--i.e., that he
agreed to waive his right to appeal. Instead, the central
issue is whether such advice was so misplaced as to render that
waiver invalid. 
 The district court properly dismissed the petition on
its face. At sentencing, the court had emphasized that any
early deportation was subject to the discretion of the Attorney
General and was far from certain. The remarks supposedly
voiced by counsel to his client, just moments later, that
imminent deportation was assured would have been directly at
odds with the court's pronouncements. Indeed, it defies
credulity that experienced counsel would have made such a
promise under the circumstances. See, e.g., United States v.
McGill, 11 F.3d 223, 226 (1st Cir. 1993) (explaining that
habeas petition may be dismissed without an evidentiary hearing
where the key factual averments "contradict the record" or are
"inherently incredible"). We have considered a more plausible
scenario never specifically articulated by petitioner--that
counsel simply predicted that early deportation was likely--and
have concluded that no Sixth Amendment violation would obtain
in that situation either. We also note that petitioner has
voiced no complaint on appeal regarding the court's refusal to
hold an evidentiary hearing.
 Petitioner's sentencing challenges are devoid of
merit in any event. The record fully supports the court's
determination that the "safety valve" provision was
inapplicable due to petitioner's failure to make full
disclosure. See 18 U.S.C. 3553(f); U.S.S.G. 5C1.2. Such
a finding is reviewed only for clear error, see, e.g., United
States v. White, 119 F.3d 70, 73 n.6 (1st Cir. 1997); we
perceive no error of any sort. Petitioner's remaining claims
have been waived on appeal and are, in any event, likewise
lacking in merit.
 Affirmed.