USCA1 Opinion

 

 [NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT]
 
 United States Court of Appeals
 For the First Circuit
 
 

No. 97-1690

 JUAN E. RODRIGUEZ,

 Petitioner, Appellant,

 v.

 UNITED STATES OF AMERICA,

 Respondent, Appellee.

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MASSACHUSETTS

 [Hon. Robert E. Keeton, U.S. District Judge]

 Before

 Boudin, Stahl and Lynch,
 Circuit Judges.
 
 

 Juan E. Rodriguez on brief pro se.
 Donald K. Stern, United States Attorney, and Theodore B.
Heinrich, Assistant United States Attorney, on brief for appellee.

June 4, 1998

 

 Per Curiam. Petitioner Juan Rodriguez, a resident
 alien from the Dominican Republic, appeals from the denial of
 his petition for habeas relief under 28 U.S.C. 2255. In
 1995, he pled guilty to a pair of drug offenses and was
 sentenced to a mandatory term of ten years in prison; included
 in the judgment was a recommendation that he be immediately
 deported if such a course was consistent with the Attorney
 General's policies. The principal claim now advanced is that
 trial counsel rendered ineffective assistance by improperly
 persuading petitioner not to appeal from that conviction,
 thereby precluding appellate review of various sentencing
 issues. In particular, counsel is alleged to have "assured"
 petitioner that he would be immediately deported and that an
 appeal was thus unnecessary. The district court dismissed the
 petition without a hearing. We affirm substantially for the
 reasons enumerated in the court's decision, adding only the
 following comments.
 Contrary to petitioner's suggestion, this is not a
 case of failure on the part of counsel to file a requested
 notice of appeal. See, e.g., Bonneau v. United States, 961
 F.2d 17 (1st Cir. 1992); United States v. Tajeddini, 945 F.2d
 458, 466-69 (1st Cir. 1991) (per curiam). No matter how his
 allegations are construed, it is clear that petitioner
 eventually acquiesced in his lawyer's advice--i.e., that he
 agreed to waive his right to appeal. Instead, the central
 issue is whether such advice was so misplaced as to render that
 waiver invalid. 
 The district court properly dismissed the petition on
 its face. At sentencing, the court had emphasized that any
 early deportation was subject to the discretion of the Attorney
 General and was far from certain. The remarks supposedly
 voiced by counsel to his client, just moments later, that
 imminent deportation was assured would have been directly at
 odds with the court's pronouncements. Indeed, it defies
 credulity that experienced counsel would have made such a
 promise under the circumstances. See, e.g., United States v.
 McGill, 11 F.3d 223, 226 (1st Cir. 1993) (explaining that
 habeas petition may be dismissed without an evidentiary hearing
 where the key factual averments "contradict the record" or are
 "inherently incredible"). We have considered a more plausible
 scenario never specifically articulated by petitioner--that
 counsel simply predicted that early deportation was likely--and
 have concluded that no Sixth Amendment violation would obtain
 in that situation either. We also note that petitioner has
 voiced no complaint on appeal regarding the court's refusal to
 hold an evidentiary hearing.
 Petitioner's sentencing challenges are devoid of
 merit in any event. The record fully supports the court's
 determination that the "safety valve" provision was
 inapplicable due to petitioner's failure to make full
 disclosure. See 18 U.S.C. 3553(f); U.S.S.G. 5C1.2. Such
 a finding is reviewed only for clear error, see, e.g., United
 States v. White, 119 F.3d 70, 73 n.6 (1st Cir. 1997); we
 perceive no error of any sort. Petitioner's remaining claims
 have been waived on appeal and are, in any event, likewise
 lacking in merit.
 Affirmed.