**Mark M. LEVINE, Petitioner,**

**v.**

**UNITED STATES of America, Respondent.**

**No. CIV.A.03–40202–NMG.**

United States District Court, D. Massachusetts.

Aug. 10, 2005.

Lori J. Holik, United States Attorney's Office, John Joseph Moakley Federal Courthouse, Boston, MA, for United States of America, Respondent.

## MEMORANDUM & ORDER

GORTON, District Judge.

Pending before the Court is the motion of Mark M. Levine ("Levine"), *pro se*, to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.

### I. *Background*

Levine's conviction stems from his participation in a telemarketing fraud scheme which was based in Montreal, Canada, and which targeted individuals, mostly senior citizens, across the United States. On August 9, 2001, pursuant to a written plea agreement, Levine pled guilty to two counts of conspiracy and mail fraud in a superceding indictment that had been filed in Massachusetts (Case No. 01–40011, "the Massachusetts indictment").

On September 16, 2002, again pursuant to a written plea agreement, Levine pled guilty to a one-count information for mail fraud that had been filed in Florida and transferred to Massachusetts (Case No. 02–40023, "the Florida information"). Immediately following that plea, Levine was sentenced to 75 months under the Massachusetts indictment and 60 months

under the Florida information, both sentences to run concurrently, and was ordered to pay $1,296,953.51 in restitution. Those sentences were to run consecutively to a sentence Levine was then serving on an unrelated North Carolina conviction. Rosemary Godwin, an attorney from North Carolina, represented Levine with respect to the Massachusetts indictment, the Florida information and the North Carolina case.

On September 5, 2003, Levine filed his § 2255 petition. He contends that he was denied the right to appeal because his lawyer failed to file a notice of appeal despite his instruction to the lawyer to do so. He also contends that he was denied effective assistance of counsel because his attorney 1) failed to file an appeal, 2) "never stated the truth concerning [his] plea agreement or concurrent sentencing", 3) failed to communicate with petitioner since he was sentenced and 4) failed to appreciate or to notify the U.S. Marshals Service of the danger in which petitioner perceived himself to be.

## II. *Right to Appeal*

An attorney's failure to file a timely appeal may be considered a denial of the right to appeal. In *Bonneau v. United States*, 961 F.2d 17, 18 (1st Cir.1992), defendant Bonneau's counsel failed to file an appellate brief before the deadline, even after he had obtained multiple extensions of that deadline. The case was dismissed for want of prosecution. More than ten weeks later, Bonneau's counsel moved to reinstate the appeal but that request was denied. Addressing Bonneau's subsequently-filed § 2255 motion for relief, the First Circuit Court of Appeals held that Bonneau had been deprived of his constitutional right to appeal because his counsel was derelict in filing an appeal. *Id.* at 23. The court distinguished the case from one

involving "sloppy briefing that missed some vital issues and/or inadequate oral argument" and found that Bonneau never had an opportunity to appeal. *Id.*

The government urges the Court to deny Levine's motion with respect to the denial of the right to appeal because any appeal Levine could have filed would allegedly have lacked merit and, therefore, the denial was not prejudicial. The case the government cites in support of its proposition, *Lopez–Torres v. United States*, 876 F.2d 4 (1st Cir.1989), was squarely overruled by *Bonneau* and, therefore, the government's position cannot be adopted.

■ The *Bonneau* court found it reversible error for the district court to refuse to grant habeas relief when the petitioner had been denied the right to appeal, even when the district court found that the petitioner had "failed beyond any reasonable doubt to demonstrate the existence of an issue sufficient to lead to a reversal of his conviction, new trial, or reduction in his sentence." *Bonneau*, 961 F.2d at 19. It is inappropriate to apply a harmless error analysis when a criminal defendant has been denied the right to appeal and the Court cannot require appellant to establish a meritorious appellate issue as a prerequisite to being allowed to make a direct appeal. *Id.*

■ The right to appeal is not, however, absolute. If a defendant decides not to appeal, he waives the right to appeal and he cannot revive that right by means of a § 2255 proceeding. *Bonneau*, 961 F.2d at 22 (quoting *Martin v. United States*, 462 F.2d 60, 62–63 (5th Cir.1972)). Levine states in his petition that he did, in fact, request that his attorney file an appeal and the government has not disputed that claim. The First Circuit Court of Appeals has suggested that a hearing may be appropriate when a district court is unsure whether a defendant requested his counsel

259

to file an appeal or whether, by deciding not to appeal, he waived that right. *Id.* at 23. A hearing is not necessary in this case, however, because the government has not disputed that petitioner requested that his attorney file an appeal and nothing in the record indicates otherwise.

■ If a defendant's attorney is convinced that an appeal is frivolous and the court is satisfied that counsel has diligently considered possible grounds for appeal and that appeal is, in fact, frivolous, leave to appeal may be denied. *Ellis v. United States,* 356 U.S. 674, 675, 78 S.Ct. 974, 2 L.Ed.2d 1060 (1958); *see also Anders v. State of California,* 386 U.S. 738, 744, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) (setting forth procedures that should be followed when counsel believes appeal to be without merit). Because the record in this case does not show that counsel considered possible grounds for appeal and no court has reviewed any determination of frivolousness, appeal may not be denied on that ground.

■ Furthermore, the right to appeal may expressly be waived by a defendant in appropriate circumstances. A valid waiver requires 1) a written plea agreement, signed by the defendant, containing a clear statement elucidating the waiver and delineating its scope and 2) the court's questioning of the defendant specifically about his understanding of the waiver provision and informing him of its ramifications, in accordance with Fed.R.Crim.P. 11(b)(1)(N). *United States v. De–La–Cruz Castro,* 299 F.3d 5, 10 (1st Cir.2002) (citing *United States v. Teeter,* 257 F.3d 14, 24 (1st Cir.2001)). In addition, the court may refuse to enforce a waiver of appellate rights if enforcing the waiver would work a miscarriage of justice. *Id.*

■ In this case, the record does not demonstrate that Levine has adequately waived his right to appeal his conviction and sentence for the Massachusetts indictment. The written plea agreement for the Massachusetts indictment contains a waiver of rights to appeal or to make bring collateral challenges but during the plea colloquy with respect to the Massachusetts indictment, although the Court advised defendant that, under some circumstances, he or the government could appeal the sentence imposed, it did not advise him that he was waiving some material, appellate rights. Defendant's waiver of his right to appeal his sentence on the Massachusetts indictment cannot, therefore, be enforced.

■ With respect to the Florida information, however, Levine adequately waived his rights to appeal his conviction and sentence. The written plea agreement contained an explicit waiver and during the plea colloquy this Court advised defendant that he was, for all practical purposes, waiving his right to appeal, and petitioner acknowledged his understanding of that provision. Furthermore, enforcing the waiver would not work a miscarriage of justice. That waiver, therefore, will be enforced.

The First Circuit Court of Appeals has set forth the approach to be followed by district courts in this circumstance:

> When the district courts ... conclude that an out-of-time appeal in a criminal case is warranted as the remedy in a § 2255 proceeding, they should effect the remedy in the following way: (1) the criminal judgment from which the out-of-time appeal is to be permitted should be vacated; (2) the same sentence should then be reimposed; (3) upon reimposition of that sentence, the defendant should be advised of all the rights associated with an appeal from any criminal sentence; and (4) the defendant should also be advised that the time for filing a notice of appeal from that reimposed sentence is ten days.

260

*United States v. Torres–Otero,* 232 F.3d 24, 31–32 (1st Cir.2000).

█ In order to permit Levine to appeal his plea and/or sentence with respect to the Massachusetts indictment, his sentence will, therefore, be vacated and a new judgment entered. Because the Court sees no reason to reconsider the sentence to be imposed, Levine will be resentenced to the same term of imprisonment, supervised release and monetary penalties as his original sentence. *See Torres–Otero,* 232 F.3d at 32 (holding that "in cases where the defendant is awarded an out-of-time appeal as a § 2255 remedy for either a Rule 32 or Sixth Amendment violation, the district court is not required to engage in de novo resentencing, but may instead vacate the initial sentence and summarily reimpose a sentencing judgment identical in all respects to the earlier judgment except for the date of entry").

Levine was sentenced on the Massachusetts indictment and the Florida information together and a single judgment was entered with respect to both cases. He was ordered to make restitution in various amounts to numerous people but the judgment, presentence report and the record do not indicate which amounts of restitution apply to the Massachusetts indictment and which amounts apply to the Florida information. The entire amount of restitution will, therefore, be vacated and reimposed but Levine is advised that he has the right to appeal only the portion of his sentence, including restitution, that relates to the Massachusetts indictment because he validly waived his appellate rights with respect to the Florida information.

## III. *Petitioner's Rights in Connection with Appeal*

Mr. Levine is hereby informed, as follows, of his rights with respect to his reimposed sentence:

1) he has the right to appeal his sentence on the Massachusetts indictment;

2) if he chooses to appeal, he must file a notice of appeal within ten days of the date of the reimposition of his sentence; and

3) if he cannot afford an attorney, an attorney will be appointed on his behalf.

Petitioner has written several letters to the Court stating that he is indigent and asking for legal assistance. The Court will treat those letters as a request for the appointment of an attorney and will make such an appointment to assist him with the filing of an appeal, should he choose to do so.

In order to allow sufficient time for petitioner to be apprised of this decision, to communicate with appointed counsel and to decide whether to file an appeal, as well as for appointed counsel to become familiar with this case, the vacation and reimposition of petitioner's sentence will be postponed until September 15, 2005.

## IV. *Ineffective Assistance of Counsel*

Levine also contends that he received ineffective assistance of counsel during his plea and sentencing. This Court is cognizant that the First Circuit Court of Appeals "will not entertain an ineffective assistance claim on direct appeal 'absent a sufficiently developed evidentiary record,'" *United States v. Woods,* 210 F.3d 70, 74 (1st Cir.2000) (citing *United States v. Ademaj,* 170 F.3d 58, 64 (1st Cir.1999), and that such is the case "[i]n all but extraordinary circumstances," *United States v. Martins,* 413 F.3d 139 (1st Cir. 2005)). Generally, the Court of Appeals finds it preferable, instead, to allow the

defendant to present his ineffective assistance claim to the district court in a collateral proceeding under § 2255 where the facts can be fully developed. *Woods* at 74.

Nonetheless, it is not for this Court to determine whether Levine's case involves such "extraordinary circumstances" that the Court of Appeals would entertain his claim on appeal instead of directing him to bring those claims to the district court through a § 2255 motion. This Court declines, therefore, to address Levine's ineffective assistance claims at this time but will consider the merits of such a claim should the Court of Appeals decline to do so on appeal.

## ORDER

Based on the foregoing:

1) Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Docket No. 5) is, with respect to petitioner's right to appeal in Case No. 01–40011, **ALLOWED**, and in all other respects, **DENIED**;

2) Petitioner's conviction in Case No. 01–40011 will, on September 15, 2005, be **VACATED** and a judgment will be entered that is identical to the previous judgment in all respects except for the date of entry; and

3) an attorney will be appointed by the Court to represent petitioner in connection with his appeal.

**So ordered.**